## S98A0767. HUGHES v. THE STATE.

(504 SE2d 696)

THOMPSON, Justice.

Is it necessary for a judge to find beyond a reasonable doubt the existence of a statutory aggravating circumstance when, in a death penalty case, a defendant enters a plea of guilty and is sentenced to life without parole? The answer is "yes."

Dudley Hughes murdered two people, execution-style, after breaking into their home.[1] He was indicted for two counts of malice

---

[1] The crimes were committed on or about July 10, 1994. Hughes was indicted on October 8, 1996. Hughes entered a plea of guilty on May 22, 1997, and moved to vacate and set aside his plea on June 20, 1997. The trial court denied Hughes' motion on December 23, 1997, and Hughes filed a notice of appeal on January 21, 1998. The case was docketed in this Court on February 13, 1998, and submitted for a decision on briefs on April 6, 1998.

murder, six counts of felony murder, two counts of aggravated assault, burglary, and possession of a firearm by a convicted felon. The state sought the death penalty and Hughes entered a plea of "not guilty." The case proceeded to trial and, after the state's opening statement, Hughes changed his plea to "guilty" as to the two counts of malice murder.[2] The judge sentenced Hughes to two concurrent life sentences without parole.

Hughes filed a motion to vacate and set aside his guilty plea. After a hearing, the court denied Hughes' motion. In so doing, the court entered an order declaring that the factual basis for the plea was set forth in the state's opening statement. The court added: "[T]he court's acceptance of the defendant's plea constitutes an implicit, if not explicit, finding that there was a factual basis for the entry of the plea and an aggravating circumstance sufficient to authorize the penalty of life without parole." Hughes appeals, asserting (1) his guilty plea was not voluntarily and knowingly entered; and (2) the court failed to comply with OCGA § 17-10-32.1 because it sentenced him to life without parole without making an express finding of a statutory aggravating circumstance beyond a reasonable doubt.

1. The court correctly found that Hughes' guilty plea was voluntarily and knowingly entered. After a defendant challenges the validity of his guilty plea, the burden is then on the state to show that the plea was intelligently and voluntarily entered. *Bowers v. Moore*, 266 Ga. 893, 895 (471 SE2d 869) (1996) (citing *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975)). This may be accomplished by either (1) showing on the record of the guilty plea hearing that the defendant was aware of the waived rights and possible consequences of his plea; or (2) filling a silent record with extrinsic evidence that affirmatively shows the guilty plea was knowing and voluntary. Id.

Hughes claims that his plea was not voluntarily entered due to coercion and undue influence by his attorneys. However, a review of the transcript clearly shows that Hughes knew his rights, was not under the influence of any drugs, was able to understand the questions asked by the court, and assured the court that he understood that he was giving up the right to a jury trial and the rights that went with it. Additionally, Hughes stated to the court that he had not been threatened or promised anything to influence his decision to plead guilty, that he discussed the issue with his attorneys, and that he understood that the state's sentence recommendation was life without parole. Given these facts, it cannot be said that the court abused its discretion in refusing to permit Hughes to withdraw his

---

[2] The remaining counts were nolle prossed.

guilty plea. *Thomas v. State*, 231 Ga. 298 (201 SE2d 415) (1973).

2. OCGA § 17-10-32.1 (b) provides that, in cases in which the state has given notice that it intends to seek the death penalty and the defendant enters a plea of guilty,

> the judge may sentence the defendant to death or life without parole *only if* the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30. (Emphasis supplied.)

Of course, criminal statutes must be strictly construed against the state. *Mitchell v. State*, 239 Ga. 3 (1) (235 SE2d 509) (1977). Strictly construing OCGA § 17-10-32.1 (b), it is clear that a defendant who pleads guilty in a death penalty case cannot be sentenced to life without parole unless the judge *contemporaneously* makes a specific finding of a statutory aggravating circumstance beyond a reasonable doubt. Here, because the court did not specify an aggravating circumstance at the time of sentencing, the statutory requirement was not met. See *United States v. Newsome*, 894 F2d 852, 856, 857 (6th Cir. 1990) (sentence imposed pursuant to plea agreement vacated because district court failed to specify an aggravating circumstance which would justify upward departure from sentencing guidelines).

To interpret the statute otherwise — so as to permit a judge to find a statutory aggravating circumstance *after* sentencing a defendant to life without parole — would constitute a denial of due process because the defendant would have been deprived of an opportunity to be heard before the imposition of sentence. See *United States v. Claudy*, 204 F2d 624, 627 (3rd Cir. 1953) (enhanced penalty for recidivism cannot be imposed in absence of notice and opportunity to be heard). See also *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975) (judge should reveal adverse matter in presentence report to give defendant opportunity for explanation or rebuttal).

Even if it could be said that a judge can retroactively find an aggravating circumstance pursuant to OCGA § 17-10-32.1 (b), we would be compelled to conclude that no such finding was made in this case. The court never specified an aggravating circumstance which it found beyond a reasonable doubt to exist which would support a sentence of life without parole. It merely stated that such a finding was "implicit, if not explicit" in the imposition of a sentence of life without parole.

Because the court imposed a sentence of life without parole without contemporaneously specifying a statutory aggravating circumstance beyond a reasonable doubt, the sentence is void and must be vacated. On remand, however, Hughes can be resentenced to life

without parole if, at the time of resentencing, the judge complies with the requirements of OCGA § 17-10-32.1. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); *Wade v. State*, 231 Ga. 131, 133-135 (200 SE2d 271) (1973). See also *United States v. Stinson*, 97 F3d 466, 469 (11th Cir. 1996).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 21, 1998.

*William T. Hankins III,* for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Barbara B. Conroy, Maria Murcier, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.