297 Ga. 26
FINAL COPY

S15A0110.  CORDOVA v. THE STATE.

HINES, Presiding Justice.

David Cordova, also known as David Cordoba, (hereinafter "Cordova") brings this pro se appeal from an order of the Superior Court of Long County denying his "motion to vacate void sentence" following his entry of negotiated pleas of guilty to malice murder, armed robbery, and kidnapping with bodily injury, and his consequent sentencing to three terms of life in prison without the possibility of parole.  For the reasons that follow, we reverse and remand this case with direction to the superior court.

On August 26, 1997, a Long County grand jury indicted Cordova along with two other men for the August 16, 1995 malice murder, armed robbery, and kidnapping with bodily injury of Mary Ann Prescott. On September 12, 1997, the State filed a notice of intent to seek the death penalty for Cordova, alleging as aggravating circumstances that the murder was done during the commission of the felonies of armed robbery and kidnapping with bodily injury, and for the

purpose of receiving money or any other thing of monetary value as provided in then OCGA § 17-10-30, which set forth the statutory aggravating circumstances for imposition of the death penalty; it further alleged that the kidnapping with bodily injury involved the death of the victim. On May 10, 1999, Cordova entered negotiated pleas of guilty to all three charges. On May 13, 1999, he was sentenced to life in prison without the possibility of parole for malice murder, a consecutive term of life in prison without the possibility of parole for the armed robbery, and a third term of life in prison without the possibility of parole for the kidnapping, the sentence to be served concurrently with the sentence for malice murder; the sentences on all counts were to run concurrently with a federal sentence of Cordova's. An application for sentence review was filed on June 7, 1999, and on September 22, 1999, the Sentence Review Panel responded that it was without jurisdiction to review Cordova's sentences. On February 3, 2014, Cordova filed the present pro se "motion to vacate void sentence," contending that his sentences are void "as a result of the trial court's failure to make a contemporaneous specification, beyond a reasonable doubt, the statutory aggravating circumstance required by O.C.G.A. § 17-10-32.1 (b) authorizing imposition of a life sentence without possibility of

parole." And, so they are.

Former OCGA § 17-10-32.1[1] applicable to the time frame of Cordova's sentencing provided:

> (a) Subject to the provisions of subsection (b) of this Code section, any person who has been indicted for an offense for which the death penalty or life without parole may be imposed may enter a plea of guilty at any time after indictment, and the judge of the superior court having jurisdiction may, in the judge's discretion, sentence the person to life imprisonment or to any other punishment authorized by law for the offense named in the indictment.
>
> (b) Unless the district attorney has given notice that the state intends to seek the death penalty pursuant to the Uniform Rules of the Superior Courts, the judge shall sentence the defendant to life imprisonment. In cases where such notice has been given, *the judge may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30.*

(Emphasis supplied.)

This Court has determined that this criminal statute must be strictly

---

[1] The statute was repealed by Ga. L. 2009, p. 223, § 7, effective April 29, 2009. The Act provided, however, that "the amendment or repeal of a Code section by this Act shall not affect any sentence imposed by any court of this state prior to the effective date of this Act," and that OCGA § 17-10-32.1 "as it existed prior to the effective date of this Act shall apply to all offenses committed on and before such date." Ga. L. 2009, pp. 223, 227, §§ 9, 11(a).

construed against the State, so that,

> it is clear that a defendant who pleads guilty in a death penalty case cannot be sentenced to life without parole unless the judge contemporaneously makes a specific finding of a statutory aggravating circumstance beyond a reasonable doubt.

*Pierce v. State*, 289 Ga. 893, 896 (3) (717 SE2d 202) (2011), quoting *Hughes v. State*, 269 Ga. 819, 821(2) (504 SE2d 696) (1998). That did not happen in this case; the plea court did not specify an aggravating circumstance at the time of sentencing, so the statutory requirement was not met. Id. Consequently, Cordova's imposed sentences of life without the possibility of parole are void and must be vacated. Id.

Accordingly, the superior court's order denying Cordova's "motion to vacate void sentence" is reversed with the direction that his sentences of life in prison without the possibility of parole be vacated.[2]

<u>Judgment reversed and case remanded with direction. All the Justices concur.</u>

---

[2] As this Court explained in *Pierce v. State*, in this circumstance, the defendant, upon remand, can be resentenced to life without the possibility of parole if the resentencing court then complies with the requirements of former OCGA § 17-10-32.1, that is, if the resentencing court finds the existence of at least one aggravating circumstance as provided in OCGA § 17-10-30 and the applicable case law; it is then within the resentencing court's discretion whether to impose a sentence of life in prison without the possibility of parole. *Pierce v. State* at 896-897 (3).

Decided April 20, 2015.

Murder, etc. Long Superior Court. Before Judge Russell.

David Cordova, <u>pro se.</u>

<u>Tom Durden, District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General</u>, for appellee.