In the Supreme Court of Georgia

Decided: May 23, 2016

S16A0270. BLACKWELL v. THE STATE.

MELTON, Justice.

Following the trial court's denial of his motion to withdraw his guilty plea prior to sentencing, Prinson Blackwell appeals. Specifically, Blackwell contends that the trial court erred in its determination that the right under OCGA § 17-7-93 (b) of a criminal defendant to withdraw a guilty plea prior to sentencing may be waived and that Blackwell made such a waiver. For the reasons set forth below, we affirm.

The record reveals that, on August 14, 2012, Blackwell entered a guilty plea to malice murder and several other offenses in connection with his role in the shooting death of Keniesha Carr and the aggravated assault of Derrick Carr. As part of his plea, Blackwell agreed to provide truthful testimony at the trial of his co-indictees, Kerwin Tate and Xavier Bradford. However, on the eve of his co-indictees' trial, Blackwell filed a motion to withdraw his guilty plea pursuant

to OCGA § 17-7-93 (b), because he had not yet been sentenced. See id. ("At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'"). The trial court denied the motion.

While this Court has recognized certain exceptions to the rule under OCGA § 17-7-93 (b) that a criminal defendant may withdraw his or her guilty plea as a matter of right at any time before sentence is pronounced,[1] we have not yet decided whether the right to withdraw a guilty plea at any time prior to sentencing may be waived. In this connection, "[i]f there is no constitutional, statutory, or public policy prohibition against waiver, an accused may validly waive any right." Thomas v. State, 260 Ga. 262, 263 (392 SE2d 520) (1990).

---

[1] In this regard, see Fair v. State, 245 Ga. 868, 878 (8) (268 SE2d 316) (1980) ("[I]n capital cases, the judgment does not rest upon the plea but rather upon the plea and the proof of an aggravating circumstance except in rare cases of treason or aircraft hijacking. . . .The decision of the trial court after a sentencing trial is tantamount to a jury verdict. For this reason and [others], this court concludes that the provisions of Code Ann. § 27-1404 [now OCGA § 17-7-93 (b)] relating to withdrawal of guilty pleas as a matter of right do not apply to guilty pleas tendered in capital cases other than treason or aircraft hijacking in which the State seeks the death penalty") (footnotes omitted); State v. Stinson, 278 Ga. 377, 381 (602 SE2d 654) (2004) ("A defendant . . . who has pled guilty and utilized the benefits of a rehabilitative option [such as alternative treatment through Drug Court pursuant to OCGA § 16-13-2 (a)] in order to avoid an adjudication of guilt, may not withdraw the plea as a matter of right under OCGA § 17-7-93 (b)").

See also OCGA § 1-3-7 ("Laws made for the preservation of public order or good morals may not be dispensed with or abrogated by any agreement. However, a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest"). Where no such prohibition against waiver exists, a criminal defendant may make "a voluntary, knowing, and intelligent waiver" of the right in question. Thomas, supra, 260 Ga. at 264 (criminal defendants may voluntarily waive right to appeal). See also Allen v. Thomas, 265 Ga. 518 (2) (458 SE2d 107) (1995) (defendant voluntarily waived the right to seek post-conviction relief from life imprisonment as part of his guilty plea deal with the State).

There is no Federal or State constitutional provision stating that a criminal defendant may withdraw his or her guilty plea as a matter of right at any time prior to sentence being pronounced. Nor is there any express language in OCGA § 17-7-93 (b) itself indicating that, although the right to withdraw a guilty plea before sentence is pronounced exists, the right cannot be waived. We also find no public policy prohibition against the waiver of this right, as the waiver of the right to withdraw a guilty plea after entering it "foster[s] the interests of the state and the defendant" (Allen, supra, 265 Ga. at 520 (2)) by allowing the parties to

3

avoid the uncertainty of a jury trial. Furthermore, in situations like the instant case where the defendant has agreed to provide truthful testimony at the trial of his co-indictees and will not be sentenced under his plea agreement until after he fulfills his end of the bargain with the State, the ability to waive the right to withdraw the guilty plea prior to sentencing creates the means to incentivize the criminal defendant to follow through on his or her plea agreement. If the right to withdraw a guilty plea under circumstances such as those presented here could never be waived, an incentive could be created for a criminal defendant to manipulate the criminal justice system by simply withdrawing his guilty plea on the eve of his co-indictees' trial in order to avoid testifying. This type of manipulation of the system and disruption to the orderly administration of justice is made less likely by allowing for the waiver of a criminal defendant's right to withdraw his or her guilty plea prior to sentencing. We therefore conclude that a criminal defendant's right under OCGA § 17-7-93 (b) to withdraw his or her guilty plea at any time prior to sentencing is a right that can be waived. See Thomas, supra; Allen, supra.

While the Court of Appeals has held that one's right to withdraw a guilty plea before sentencing under the terms of OCGA § 17-7-93 (b) can never be

4

waived, this Court is not bound by those decisions, and we hereby expressly overrule them. See Thompson v. State, 218 Ga. App. 444 (462 SE2d 404) (1995) ("[A]n accused cannot waive the right to withdraw a plea of guilty before judgment is pronounced"); Ware v. State, 128 Ga. App. 407 (196 SE2d 896) (1973). See also Ga. Const. of 1983 Art. VI, § V, Para. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents").

Now, turning to the question whether Blackwell waived his right under OCGA § 17-7-93 (b) to withdraw his guilty plea prior to sentence being pronounced in this case, a review of the record reveals that Blackwell did in fact knowingly, voluntarily, and intelligently waive this right. As an initial matter, the following exchange between Blackwell and the prosecutor at Blackwell's guilty plea hearing shows that Blackwell understood that he would not be allowed to withdraw his guilty plea once he had entered it:

> [Prosecutor]:    Do you understand that if the judge does not follow either your counsel's recommendation or my recommendation that you will not have an opportunity - given the fact that this case is on the trial calendar, you will not have the opportunity to withdraw your guilty plea. Do you understand that?
>
> [Blackwell]:    Yes sir.

[Prosecutor]:     Okay. So at some point when you tender a plea, the judge is going to have the ultimate say so about what you're going to be sentenced to, and you will not have an opportunity to withdraw that. Do you understand that?

[Blackwell]:     Yes sir.

This exchange reveals that Blackwell knew not only that the trial court was under no obligation to follow the sentencing recommendation of either the prosecutor or his defense counsel once he entered the plea, but also that, once he entered the plea, he would be subject to any future sentence imposed by the trial court without having the opportunity to withdraw the plea beforehand.

Furthermore, a later exchange with the trial court itself at the guilty plea hearing underscored the fact that Blackwell understood and affirmatively agreed that he would not be able to withdraw his guilty plea once he had entered it:

[The Court]: . . . [A]s a result of this plea, the court is agreeing that it will accept the recommendation of the state provided you fulfill your obligation to the State and you waive your Fifth Amendment privilege to any extent that it exists and any other privilege you might have, and you get up here and testify truthfully on the stand when called upon by the State to do so. Do you understand that?

[Blackwell]:     Yes, sir.

[The Court]: Okay. All right. *Then we will withhold entering the sentence, but I have accepted his pleas of guilty, and they cannot be withdrawn.* And I will expect you to do as the State has indicated

6

you will do and your lawyer's indicated you will do. And the D.A. has also agreed to write a letter for you should you complete your part of this, okay?

[Blackwell]: *Okay*.

(Emphasis supplied). In this colloquy, Blackwell directly reaffirms to the trial court that he knew and agreed that he would not be able to withdraw his plea once he had entered it, and that this was the case despite the fact that he would not be sentenced until a later date. See, e.g., Hancock v. State, 277 Ga. 835 (5) (596 SE2d 127) (2004) (party cannot complain of ruling his own conduct aided in causing).

Because the right under OCGA § 17-7-93 (b) to withdraw a guilty plea at any time before sentence is pronounced can be waived, and because Blackwell waived that right in connection with his plea in this case, we conclude that the trial court properly denied Blackwell's motion to withdraw his guilty plea.

Judgment affirmed. All the Justices concur.