**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 8, 2016**

# In the Court of Appeals of Georgia

A16A1409. HANH v. THE STATE.

PHIPPS, Presiding Judge.

Jamie P. Hanh[1] appeals from the amended sentence entered after the trial court granted his motion to vacate void sentence. Hanh contends that the trial court erred in refusing to consider his motion to withdraw his guilty plea after finding his original sentence to be void. Because Hanh had a statutory right to withdraw his guilty plea, we reverse.

Hanh pled guilty to child molestation and was sentenced to 20 years' imprisonment. Hanh subsequently filed a "Motion to Vacate Void Sentence," arguing that OCGA § 17-10-6.2 required the trial court to impose a split sentence that

---

[1] Although the pleadings and appellate brief indicate that Appellant's name is spelled "Hahn," his name is spelled "Hanh" on the amended sentence. The records in his two prior appeals (A15A2339 and A15A2340, dismissed for failure to file a timely brief) are also inconsistent in this regard.

included at least one year of probation. Hanh further contended that he was denied effective assistance of counsel and alleged prosecutorial and judicial misconduct with regard to the void sentence. Hanh concluded with a request to withdraw his guilty plea.

At a hearing on Hanh's motion, the court declared that the sentence was void and announced a sentence of 20 years, of which Hanh would serve 19 years in prison and the balance on probation. Hanh then reminded the trial court that he "ha[d] another matter," but the trial court cut him off, concluded the hearing, and entered the amended sentence.

Hanh appeals, complaining that the trial court did not allow him to pursue at the hearing his claim that he was entitled to withdraw his guilty plea.

As noted above, Hanh's "Motion to Vacate Void Sentence" included a request to withdraw his guilty plea.[2] This issue is controlled by our decision in *Kaiser v. State*,[3] in which we approved a line of cases[4] holding that "[w]here a void sentence has been entered, it is as if no sentence has been entered at all, and the defendant

---

[2] See *Thompson v. State*, 274 Ga. 818 (559 SE2d 730) (2002).

[3] 285 Ga. App. 63 (646 SE2d 84) (2007).

[4] See, e.g., *Mullins v. State*, 134 Ga. App. 243 (2) (214 SE2d 1) (1975).

2

stands in the same position as if he had pled guilty and not yet been sentenced. And

pursuant to OCGA § 17-7-93 (b), the defendant may withdraw his plea as of right

prior to sentencing,"[5] even if the motion was filed outside the term of court in which

the original sentence was imposed.[6] Because the original sentence was a nullity[7] and

Hanh filed a motion seeking to withdraw his guilty plea prior to resentencing, the trial

court erred by not allowing Hanh to withdraw his plea of guilty prior to resentencing.[8]

*Judgment reversed. Dillard and Peterson, JJ., concur.*

---

[5] *Kaiser*, supra at 66 (1). See also *State v. Lewis*, 298 Ga. 126, 130 n. 6 (779 SE2d 643) (2015) ("The defendant is statutorily entitled to withdraw his or her guilty plea 'at any time before sentence is pronounced.'") (citing OCGA 17-7-93 (b); punctuation omitted). But see *Simmons v. State*, 315 Ga. App. 82, 84-85 (726 SE2d 573) (2012) (holding that *Kaiser* did not apply where the defendant had availed himself of the First Offender Act, OCGA § 42-8-60 and thereby had not retained the right to withdraw his guilty plea); but see also OCGA §§ 17-10-6.2 (b) (first offender sentencing not available as punishment for child molestation unless OCGA § 16-6-4 (b) (2) applies and the victim is at least 14 but less than 16 years of age and the defendant is 18 years of age or younger and no more than four years older than the victim). The record in this case indicates that Hanh was not sentenced under the First Offender Act.

[6] *Kaiser*, supra at 68-69 (1).

[7] See *Spargo v. State*, 332 Ga. App. 410 (773 SE2d 35) (2015) (vacating a void sentence where the trial court failed to enter a split sentence for child molestation).

[8] *Kaiser*, supra. See also *Franks v. State*, 323 Ga. App. 813, 814 (748 SE2d 291) (2013) (reversing the trial court's denial of a defendant's motion to withdraw a guilty plea where the original sentence was void and the motion was made prior to resentencing).