301 Ga. 528
FINAL COPY

S17A0615. POPE v. THE STATE.

HINES, Chief Justice.

This is a pro se appeal by prisoner Jomekia Dechelle Pope from an order of the Superior Court of Bibb County denying his "motion to vacate a void and illegal sentence," "motion to withdraw guilty (Alford) plea," and "motion for appointment of counsel." For the reasons that follow, we reverse and remand this case with direction to the superior court.

The following is undisputed. On May 1, 2007, Pope was indicted for malice murder, felony murder while in the commission of aggravated battery, and arson in the first degree in connection with the 2005 immolation of his fiancée, Latosha Taylor. The State filed a notice of intent to seek the death penalty. On January 8, 2013, Pope entered *Alford*[1] pleas to the counts in the indictment, and in exchange, the State removed the death penalty as an option. Following a two-day sentencing hearing, on January 15, 2013, the superior court

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

sentenced Pope to life in prison without the possibility of parole for malice murder plus twenty years in prison for first-degree arson; the felony murder stood vacated by operation of law. Two days later, on January 17, 2013, the superior court filed a document entitled "Factual Support of Aggravating Circumstances Justifying Sentence of Life Without Possibility of Parole," in which it set forth as aggravating circumstances that Pope committed the murder while engaged in both aggravated battery and arson, which it found were "established as a matter of law by the allegations of the indictment to which defendant pled guilty." On February 12, 2016, Pope filed the three aforementioned pro se motions, all of which the superior court denied on April 21, 2016, in the single order now at issue.

Pope contends that his sentence of life without the possibility of parole is void under former OCGA § 17-10-32.1,[2] because the sentencing court failed to comply with it. We agree.

Former OCGA § 17-10-32.1 provided:

_____

[2] Although OCGA § 17-10-32.1 was repealed in 2009, the crimes were committed in 2005, while this statute was still in effect. Thus, the statute applies in this case. See Ga. L. 2009, pp. 223, 227, § 11 (a) ("[OCGA § 17-10-32.1] as it existed prior to the effective date of this Act shall apply to all offenses committed on and before such date.").

(a) Subject to the provisions of subsection (b) of this Code section, any person who has been indicted for an offense for which the death penalty or life without parole may be imposed may enter a plea of guilty at any time after indictment, and the judge of the superior court having jurisdiction may, in the judge's discretion, sentence the person to life imprisonment or to any other punishment authorized by law for the offense named in the indictment.

(b) Unless the district attorney has given notice that the state intends to seek the death penalty pursuant to the Uniform Rules of the Superior Courts, the judge shall sentence the defendant to life imprisonment. In cases where such notice has been given, *the judge may sentence the defendant to death or life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30.*[3]

---

[3] OCGA § 17-10-30 provides:

(a) The death penalty may be imposed for the offenses of aircraft hijacking or treason in any case.

(b) In all cases of other offenses for which the death penalty may be authorized, the judge shall consider, or he shall include in his instructions to the jury for it to consider, any mitigating circumstances or aggravating circumstances otherwise authorized by law and any of the following statutory aggravating circumstances which may be supported by the evidence:

(1) The offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony;

(2) The offense of murder, rape, armed robbery, or kidnapping was committed while the offender was engaged in the commission of another capital felony or aggravated battery, or the offense of murder was committed while the offender was engaged in the commission of burglary in any degree or arson in the first degree;

(3) The offender, by his act of murder, armed robbery, or kidnapping, knowingly created a great risk of death to more than one person in a public place by means of a weapon or device which would normally be hazardous to the lives of more than one person;

(4) The offender committed the offense of murder for himself or another, for the purpose of receiving money or any other thing of monetary value;

(5) The murder of a judicial officer, former judicial officer, district attorney or solicitor-general, or former district attorney, solicitor, or solicitor-general was

3

(Emphasis supplied.)

As a criminal statute, former OCGA § 17-10-32.1 is to be strictly construed against the State; consequently, a defendant pleading guilty in a death penalty case cannot be sentenced to life without the possibility of parole unless the sentencing court makes a specific finding of a statutory aggravating

committed during or because of the exercise of his or her official duties;

(6) The offender caused or directed another to commit murder or committed murder as an agent or employee of another person;

(7) The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim;

(8) The offense of murder was committed against any peace officer, corrections employee, or firefighter while engaged in the performance of his official duties;

(9) The offense of murder was committed by a person in, or who has escaped from, the lawful custody of a peace officer or place of lawful confinement;

(10) The murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or custody in a place of lawful confinement, of himself or another; or

(11) The offense of murder, rape, or kidnapping was committed by a person previously convicted of rape, aggravated sodomy, aggravated child molestation, or aggravated sexual battery.

(c) The statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation. The jury, if its verdict is a recommendation of death, shall designate in writing, signed by the foreman of the jury, the aggravating circumstance or circumstances which it found beyond a reasonable doubt. In nonjury cases the judge shall make such designation. Except in cases of treason or aircraft hijacking, unless at least one of the statutory aggravating circumstances enumerated in subsection (b) of this Code section is so found, the death penalty shall not be imposed.

4

circumstance beyond a reasonable doubt, contemporaneously with the sentencing. *Cordova v. State*, 297 Ga. 26, 27-28 (771 SE2d 884) (2015); *Pierce v. State*, 289 Ga. 893, 896 (3) (717 SE2d 202) (2011). The requirement that such finding be contemporaneous with the sentencing is rooted in concerns of due process. *Hughes v. State*, 269 Ga. 819, 821 (2) (504 SE2d 696) (1998).

> To interpret the statute otherwise —  so as to permit a judge to find a statutory aggravating circumstance *after* sentencing a defendant to life without parole —  would constitute a denial of due process because the defendant would have been deprived of an opportunity to be heard before the imposition of sentence.

Id. (emphasis in original).

Yet, that is precisely what happened in this case. There was no aggravating circumstance specified at the time of sentencing, so the statutory requirement was not met. Hughes v. State, supra at 821 (2). And, the sentencing court's belated filing of its "Factual Support of Aggravating Circumstances Justifying Sentence of Life Without Possibility of Parole," two days following Pope's sentencing did not cure the fatal defect.

Inasmuch as the sentencing court did not fulfill the requirements of former OCGA § 17-10-32.1, the sentence of life without the possibility of parole imposed upon Pope is void and must be vacated. *Cordova v. State*, supra at 28.

5

As to the propriety of the superior court's denial of Pope's motion to withdraw his *Alford* (guilty) plea and his motion for appointment of counsel, such rulings are inextricably linked to the court's erroneous denial of Pope's motion to vacate his sentence of life in prison without the possibility of parole. The superior court denied his motion to withdraw the *Alford* (guilty) plea based primarily upon its finding that the motion was untimely as it was filed more than two years after Pope's sentence was imposed,[4] and it denied his motion for appointment of counsel after finding that Pope had no right to the appointment of counsel because his motion to withdraw his plea was untimely.[5] Because the superior court's denial of these motions was premised on timeliness in relation to sentencing, and we have determined that Pope's sentence of life without the possibility of parole was void ab initio, such motions must be reconsidered. However, the vacating of Pope's sentence of life in prison without the possibility of parole will not render his   pleas on the remaining counts subject to withdrawal as a matter of right.  See *Humphrey v. State*, 299 Ga. 197, 198-

---

[4] The superior court also found that Pope failed to allege that he had suffered any manifest injustice.

[5] In fact, the superior court's order stated: "A timely motion to withdraw a guilty plea may have triggered the right to appointed counsel, but that is simply not the case here."

6

199 (1) (787 SE2d 169) (2016); *Pierce v. State*, 294 Ga. 842 (755 SE2d 732) (2014); *Kaiser v. State*, 285 Ga. App. 63, 66-69 (1) (646 SE2d 84) (2007).

Accordingly, the judgment of the superior court is reversed and the case is remanded to that court for proceedings consistent with this opinion.

Judgment reversed and case remanded with direction. All the Justices concur.

Decided June 19, 2017.

Murder. Bibb Superior Court. Before Judge Colvin.

Jomekia Dechelle Pope, pro se.

K. David Cooke, Jr., District Attorney, John A. Regan, Dorothy V. Hull, Jason M. Martin, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.