**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 6, 2020**

# In the Court of Appeals of Georgia

A19A1645. RICE v. THE STATE.

BARNES, Presiding Judge.

Patrick Rice appeals the denial of his motion to withdraw his guilty plea. For reasons explained below, we reverse the judgment and remand the case for proceedings not inconsistent with this opinion.

This is the second appearance of this case before this Court. As we summarized in the first appearance,

> Rice pled guilty to two counts of child molestation, and the trial court sentenced him to twenty years to serve in confinement on the first count, followed by a consecutive ten years probation on the second count. Rice filed a motion to vacate the sentence, arguing that it was void for failure to meet the split-sentence requirement of OCGA § 17-10-6.2 (b). The trial court denied the motion, and Rice appeal[ed]. The State concede[d] in its brief that Rice must be re-sentenced. Because Rice [was] correct,

we vacate[d] the trial court's order and remand[ed] th[e] case for resentencing.

*Rice v. State*, 347 Ga. App. XXVIII (July 31, 2018) (unpublished) (hereinafter *Rice I*).[1]

Prior to any re-sentencing, however, Rice filed in the trial court a motion to withdraw the entirety of his guilty plea, citing *Kaiser v. State*, 285 Ga. App. 63, 68 (646 SE2d 84) (2007). In *Kaiser*, this Court held: "Where a *void* sentence has been entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced. And pursuant to OCGA § 17-7-93 (b), the defendant may withdraw his plea as of right prior to sentencing." (Emphasis supplied.) Id. at 66 (1). Rice pointed out in his motion that both sentences imposed on the child molestation counts were void for failure to comply with split-sentence mandates of OCGA § 17-10-6.2 (b), and thus argued that

---

[1] *Rice I* cited *State v. Riggs*, 301 Ga. 63, 65-66 (1) (799 SE2d 770) (2017) (interpreting OCGA § 17-10-6.2 as requiring a split sentence for *each* conviction for applicable sexual offenses). After *Riggs* was decided, the General Assembly amended OCGA § 17-10-6.2, adding that "the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed." See Ga. L. 2017, p. 489, § 5. Because the child molestation counts to which Rice pled guilty were committed in 2008, the amendment is not at issue in this appeal. See *Hardin v. State*, 344 Ga. App. 378, 387-389 (2) (810 SE2d 602) (2018).

2

he was entitled to withdraw his guilty plea as to each such count. After a hearing, the trial court entered an order denying Rice's motion and imposing new sentences.[2]

In this appeal, Rice relies upon the cited holding in *Kaiser* to maintain that the trial court erred by refusing to allow him to withdraw his guilty plea. This Court has continued to follow *Kaiser*'s holding in cases such as *Martinez-Chavez v. State*, 352 Ga. App. 142, 144-145 (2) (834 SE2d 139) (2019) (explaining that the trial court erred in denying the defendant's motion to withdraw the guilty plea prior to resentencing, where the sentences imposed were held void for failure to comply with "split sentence" mandates of OCGA § 17-10-6.2 (b)).[3] Furthermore, "[the Supreme] Court cited *Kaiser* with approval in *Pierce v. State*, 294 Ga. 842 (1) (755 SE2d 732) (2014). There, [the Supreme Court] noted that the trial court properly determined that Pierce was entitled to withdraw his guilty pleas to two counts . . . after the sentences for those counts were vacated on appeal." *State v. Hanna*, 305 Ga. 100, 106 (3) (823

---

[2] The record shows that several days later, the trial court entered a "Final Disposition," which sentences recorded thereon do not accord with the sentences set out in the order entered on Rice's motion to withdraw his guilty plea.

[3] See also, e. g., *Hanh v. State*, 338 Ga. App. 498, 499 (790 SE2d 282) (2016) ("Because the original sentence was a nullity and [the defendant] filed a motion seeking to withdraw his guilty plea prior to resentencing, the trial court erred by not allowing [the defendant] to withdraw his plea of guilty prior to resentencing."); *Franks v. State*, 323 Ga. App. 813, 814 (748 SE2d 291) (2013) (same).

SE2d 785) (2019). And more recently in *Pope v. State*, 301 Ga. 528 (801 SE2d 830) (2017), the Supreme Court again cited *Kaiser* with approval. See *Pope*, 301 Ga. at 532; see further *Hanna*, 305 Ga. at 106, n. 5 (espousing upon the decision in *Pope*, supra).

As recognized in *Rice I*, Rices's two sentences for child molestation failed to comply with split-sentence mandates of OCGA § 17-10-6.2 (b); hence, they were vacated as void.[4] And the record confirms that prior to re-sentencing, Rice filed a motion to withdraw his guilty plea, relying on *Kaiser*'s holding with respect to OCGA § 17-7-93 (b). In denying Rice's motion, the trial court determined that *Kaiser* provided no relief for Rice on express findings that

---

[4] See *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017) ("A sentence that does not comply with the OCGA § 17-10-6.2 split-sentence requirement is void. . . . A sentence which is not allowed by law is void, and its illegality may not be waived.") (citation and punctuation omitted); see also *Cruz v. State*, 346 Ga. App. 802, 803 (1) (815 SE2d 311) (2018) (vacating as void sentences imposed on sexual offenses, where such sentences were inconsistent with the mandates of OCGA § 17-10-6.2 (b)); *Barton v. State*, 338 Ga. App. 524, 525-526 (790 SE2d 538) (2016) (vacating as void the sentence imposed after defendant entered a negotiated guilty plea on a sexual offense count, because although the defendant's sentence fell within the applicable statutory range, the trial court failed to impose a split sentence under OCGA § 17-10-6.2 (b)); *Franks*, 323 Ga. App. at 813-814 (reciting that "a void sentence is the same as no sentence at all") (citation and punctuation omitted).

4

[Rice] waived his right to withdraw his plea or appeal when he entered into it, as evidenced by the change of plea form filed at the time of sentencing. The Court finds that although the judgment in the case was vacated [by *Rice I*], the [Court of Appeals'] instructions were to re-sentence the case.

In *Blackwell v. State*, 299 Ga. 122 (786 SE2d 669) (2016), the Supreme Court held that "a criminal defendant's rights under OCGA § 17-7-93 (b) to withdraw his or her guilty plea at any time prior to sentencing is a right that can be waived." Id. at 123. As the Court explained, "Because no [constitutional, statutory, or public policy] prohibition against waiver exists, a criminal defendant may make a 'voluntary, knowing, and intelligent waiver' of the right in question." Id. at 122-123, quoting *Thomas v. State*, 260 Ga. 262, 264 (392 SE2d 520) (1990). Turning to the trial court's determination that the appellant in that case had waived such right, the Court conducted a review of the record. Id. at 124. The Court identified that one specific exchange at the guilty plea hearing showed that "[the defendant] knew . . . [that] he would be subject to any future sentence imposed by the trial court without having the opportunity to withdraw the plea beforehand"; that another specific exchange "underscored the fact that [the defendant] understood and affirmatively agreed that he would not be able to withdraw his guilty plea once he had entered it"; and that

5

during a later colloquy, "[the defendant] directly reaffirm[ed] to the trial court that he knew and agreed that he would not be able to withdraw his plea once he had entered it, and that this was the case despite the fact that he would not be sentenced until a later date." Id. at 125. In light of those exchanges, the Court affirmed the trial court's denial of the defendant's motion to withdraw his guilty plea "[b]ecause the right under OCGA § 17-7-93 (b) to withdraw a guilty plea at any time before sentence is pronounced can be waived, and because [the defendant] waived that right in connection with his plea in [that] case." *Blackwell*, 299 Ga. at 125.

In the instant case, the trial court ruled that Rice had waived his right under OCGA § 17-7-93 (b) to withdraw his guilty plea "as evidenced by the change of plea form filed at the time of sentencing." That form set forth that "the defendant . . . changes his/her plea from not guilty to guilty of as set forth [at the bottom of the form] . . . . Furthermore, the defendant now waives all rights of appeal to the process and procedure in this case; of the entry of his plea of guilty; and of the entry of judgment and the sentence of the court hereon."[5] Rice maintains that "[t]he form

_____

[5] As Rice points out in his brief, the change of plea form is contained in the record underlying *Rice I*. See *Davis v. State*, 287 Ga. 414, 415, n. 1 (696 SE2d 644) (2010) (reciting that an appellate court may take judicial notice of the records of other cases before it, in the interest of doing substantial justice and as a means of judicial economy).

contemplates modification of a sentence and *appeal* from the entry of the plea, sentence, or judgment, but does not address one's right to withdraw the plea prior to sentence being pronounced." (Emphasis in source.)

We agree with Rice that the language of the form is too imprecise and too vague to establish that he "ma[d]e a voluntary, knowing, and intelligent waiver *of the right in question.*" (Citation, punctuation omitted; emphasis supplied.) *Blackwell*, 299 Ga. at 123. The form did not expressly address the specific right at issue here – the right, pursuant to OCGA § 17-7-93, to *withdraw* the guilty plea at any time before (a valid) sentence was pronounced. And we will not ascribe thereto a waiver of that statutory right – particularly in view of *Blackwell*, wherein waiver was established upon a clear, unambiguous, and explicit record that the defendant knew that he would be subject to future sentencing *without having the opportunity to withdraw the plea* beforehand; and that he understood and affirmatively agreed that he *would not be able to withdraw his guilty plea* once he had entered it.

Notably, the State makes no assertion in its brief that the change of plea form established waiver of the right at issue here; nor does the State assert that some other portion of the record shows that Rice affirmatively waived that right.[6]

Instead, the State advances the following two arguments for affirming the trial court's denial of Rice's motion to withdraw his guilty plea. First, the State posits that Rice's 2018 motion to withdraw was untimely because it was filed years after the term of court in which Rice entered his 2012 guilty plea. The State relies upon *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005), for the general principle that "when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow withdrawal of the plea." (Citation and punctuation omitted.) Id. at 299. But as we have detailed above, *Rice I* vacated as void the sentences initially imposed upon Rice's guilty plea, and Rice then moved to withdraw his guilty plea before the trial court entered any new

---

[6] See Court of Appeals Rules 25 (b) (1) (stating that appellee's brief "shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, plus citations to additional parts of the record or transcript deemed material"), 25 (c) (2) (ii) (providing that "[a] contention that certain matters are not supported by the record may be answered by reference to particular volume and pages where the matters appear"). Neither the transcript of the guilty plea hearing nor the "Plea of Guilty (Nolo Contendere) Acknowledgment and Waiver of Rights" reveals any such waiver.

8

sentence. Because those circumstances render *Rubiani* inapposite, the State's reliance

on that case is misplaced. And given *Kaiser* and its progeny, there is no merit to the

State's argument that Rice's motion to withdraw was untimely filed.[7] See generally

*McKiernan v. State*, 286 Ga. 756, 758 (692 SE2d 340) (2010) (noting that a trial court

may have authority over a sentence well beyond the expiration of a single term of

court); *Franks*, 323 Ga. App. at 814 ("Because the court imposed void sentences, [the

defendant] stood in the position as if he had pled guilty but not yet been sentenced,

and thus had the absolute right to withdraw his plea before resentencing. The trial

court's denial of the motion to withdraw the plea prior to resentencing was therefore

erroneous and must be reversed.") (citation omitted).

In its second argument, the State posits that the trial court was precluded from

entertaining Rice's motion by the "law of the case" rule, which provides in pertinent

part that "any *ruling* by the Supreme Court or the Court of Appeals in a case shall be

binding in all subsequent proceedings in that case in the lower court and in the

Supreme Court or the Court of Appeals as the case may be." (Emphasis supplied.)

OCGA § 9-11-60 (h). The State cites that, after vacating as void Rice's initial

---

[7] See *Pierce*, 294 Ga. at 843-844 (1); *Martinez-Chavez*, 352 Ga. App. at 142, 144-145 (2); *Hanh*, 338 Ga. App. at 499; *Franks*, 323 Ga. App. at 814; *Kaiser*, 285 Ga. App. at 66 (1); see also *Hanna*, 305 Ga. at 106 (3); *Pope*, 301 Ga. at 531-532.

9

sentences, *Rice I* remanded the case to the trial court with direction that Rice be resentenced.

"[T]he 'law of the case' has been defined as a controlling *legal* rule established by a previous decision between the same parties in the same case." (Citation, punctuation, and emphasis omitted; emphasis supplied.) *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778, 779 (2) (a) (386 SE2d 696) (1989). Pretermitting whether the cited procedural directive included in *Rice I* amounted to such a "controlling legal rule,"[8] we conclude that the State's position is unavailing because "[a]n exception [to the 'law of the case' rule] exists where the evidentiary posture of the case changes in the trial court after the appellate court decision." *IH Riverdale v. McChesney Capital Partners*, 292 Ga. App. 841, 843 (666 SE2d 8) (2008).

> The evidentiary posture of a case changes so as to bar application of the law of the case rule in two different situations. First, the evidentiary posture changes when a new issue not previously addressed by an appellate court is raised by amended pleadings or otherwise, and second,

---

[8] See generally, however, *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 847 (1) (418 SE2d 74) (1992) (explaining that "although the appellate court may choose to remand with express direction, this is generally for purposes of clarity").

the posture changes when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented.

(Footnote omitted.) *Davis v. Silvers*, 295 Ga. App. 103, 106 (670 SE2d 805) (2008); see *Lowman v. Advanced Drainage Systems*, 228 Ga. App. 182, 183-184 (491 SE2d 427) (1997) ("The evidentiary posture may change when a new issue not previously addressed by an appellate court is properly raised, or when the original evidence is insufficient but is later supplemented."). Here, after this Court's decision in *Rice I*, Rice filed a motion to withdraw his guilty plea; *Rice I* did not address that issue; hence, the law of the case rule does not preclude the trial court's consideration thereof. See generally *Davis*, 295 Ga. App. at 106; *Lowman*, 228 Ga. App. at 183-184.

For all the foregoing reasons, we reverse the order denying Rice's motion to withdraw his guilty plea,[9] and remand this case for reconsideration of the motion and a ruling thereon in a manner not inconsistent with this opinion.

*Judgment reversed and case remanded. Mercier and Brown, JJ., concur.*

---

[9] Accordingly, we further vacate the "Final Disposition" described in n. 2, supra.