NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: September 4, 2024

S24A0985.  POPE v. THE STATE.

BETHEL, Justice.

In September 2018, Jomekia Dechelle Pope pleaded guilty to malice murder and felony murder in connection with the immolation death of Latosha Taylor.[1] Nearly two years later, in June 2020, Pope

---

[1] This matter was previously before us in *Pope v. State*, 301 Ga. 528 (801 SE2d 830) (2017) ("*Pope I*"). As detailed more fully in our prior opinion, Pope was indicted by a Bibb County grand jury in May 2007 for malice murder, felony murder, and arson. Id. at 528. In January 2013, Pope entered a plea pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), to the counts in the indictment. *Pope I*, 301 Ga. at 528. Pope was sentenced to serve life in prison without the possibility of parole for malice murder and a consecutive 20-year term for first-degree arson; the felony murder count was vacated by operation of law. Id. at 529. Acting pro se, Pope subsequently filed a motion to vacate his sentence as void, but the trial court denied the motion. Pope appealed, and in *Pope I*, we held that the trial court erred by failing to vacate the sentence on the malice murder conviction because the trial court had not complied with then-applicable sentencing requirements and, accordingly, vacated that sentence. Id. at 530-532. Following further proceedings on remand, Pope entered the guilty plea at issue in this appeal. The trial court sentenced Pope to serve life in prison without the possibility of parole for malice murder; the felony murder count was vacated by operation of law. The arson conviction and sentence remained undisturbed by our decision in *Pope I* and are not at issue here.

filed a pro se motion to withdraw the guilty plea on various grounds, which he later amended. In a December 2023 order, the trial court rejected Pope's motion as untimely, and Pope now appeals.[2] Because Pope's motion to withdraw his guilty plea was indeed untimely, we affirm.

"A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017) (citation and punctuation omitted). Once that term of court has expired, "a trial court lacks jurisdiction to permit the withdrawal of a guilty plea," *Bankston v. State*, 307 Ga. 656, 657 (2) (837 SE2d 788) (2020) (citation and punctuation omitted), and the defendant "must pursue such relief through habeas corpus proceedings," *Shoicket v. State*, 312 Ga. 825, 827 (1) (865 SE2d 170) (2021). Pope's motion to

---

[2] In that same order, the trial court rejected several other pro se motions filed by Pope, including a motion to vacate a void and illegal sentence. Though Pope identifies that motion in his appellate brief, he makes no specific argument that the trial court erred by denying the motion. Thus, to the extent Pope enumerates the denial of that motion as error, such claim is deemed abandoned. See Supreme Court Rule 22 (1) ("Any enumerated error or subpart of an enumerated error not supported by argument, citations to authority, and citations to the record shall be deemed abandoned.").

withdraw his guilty plea was indisputably untimely: it was filed in the Bibb County Superior Court in June 2020, nearly two years after his September 2018 sentencing by that court and well beyond the expiration of the term of court in which he was sentenced. See OCGA § 15-6-3 (23) (A) (terms of court for the Bibb County Superior Court commence the "[f]irst Monday in February, April, June, August, October, and December"). The trial court thus lacked jurisdiction to consider Pope's motion to withdraw his plea and properly rejected it. Accordingly, we affirm.[3]

*Judgment affirmed. All the Justices concur, except Colvin, J., disqualified.*

---

[3] The trial court's order here is cast as "denying" Pope's motion to withdraw his guilty plea, rather than dismissing it as it should have. See *Brooks*, 301 Ga. at 752 (2) ("[W]hen a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it."). But the trial court's denial of Pope's motion was premised solely on the motion's untimeliness and thus was not a decision on the merits. See id. And "[b]ecause the [trial] court did not rule on the merits" of Pope's motion, "the denial was a constructive dismissal under *Brooks*, that we can, and do, affirm." *Phillips v. Jackson*, 314 Ga. 347, 350 n.5 (877 SE2d 185) (2022) (citation and punctuation omitted).