294 Ga. 842
FINAL COPY

S14A0053.  PIERCE v. THE STATE.

THOMPSON, Chief Justice.

Appellant Jason Pierce appeals from the trial court's denial of his plea in bar based on double jeopardy.  Finding no error in the denial of his motion, we affirm.

Appellant was indicted in 1999 on charges of malice murder (two counts), felony murder (four counts), aggravated assault (three counts) and possession of a firearm by a convicted felon.  The State filed a notice of intent to seek the death penalty but withdrew its notice when appellant entered negotiated guilty pleas to some but not all of the charges filed against him.  He subsequently was sentenced to two terms of life without parole on the malice murder convictions and consecutive terms of years on his remaining convictions.  This Court vacated appellant's sentences of life without parole on direct appeal because the trial court did not specify an aggravating circumstance at the time of sentencing as required under former OCGA § 17-10-32.1.  See Pierce v. State, 289 Ga. 893 (717 SE2d 202) (2011).

On remand, and while still represented by counsel, appellant moved to

withdraw his guilty pleas as to all charges. The trial court granted the motion with regard to the two malice murder counts because the malice murder sentences had been vacated on appeal. See OCGA § 17-7-93 (b). The trial court denied the motion as to appellant's remaining convictions, however, because those convictions and sentences were affirmed on appeal and appellant had no statutory right to withdraw those pleas. See id.; Murray v. State, 314 Ga. App. 240, 241-242 (723 SE2d 531) (2012). Appellant filed a motion for plea in bar based on double jeopardy seeking to preclude the State from continuing its prosecution of the charges for which appellant's pleas had been withdrawn. The State again noticed its intent to seek the death penalty, causing appellant to move to vacate the trial court's order allowing him to withdraw his guilty pleas. After a hearing, the trial court denied the motion for plea in bar and granted appellant's motion to vacate the order allowing the withdrawal of his guilty pleas. With the consent of all parties, the trial court then resentenced appellant on the remanded convictions. Appellant subsequently filed this pro se appeal challenging only the trial court's order denying his motion for plea in bar.

1. Appellant contends the trial court erred by denying his motion for plea in bar because the grant of his motion to withdraw his guilty pleas as to only

certain charges created an improper second prosecution in violation of constitutional and statutory double jeopardy. See U. S. Const. Amend. V; Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII; OCGA §§ 16-1-7 (a) (1) and 16-1-8 (d) (2).[1] We do not agree.

In reviewing a trial court's ruling on a motion for plea in bar, where the evidence is uncontroverted and no question is presented regarding the credibility of witnesses, we review de novo the trial court's application of the law to the undisputed facts. See State v. Johnson, 274 Ga. 511, 514-515 (555 SE2d 710) (2001); Surh v. State, 303 Ga. App. 380 (693 SE2d 501) (2010). Here, appellant entered guilty pleas to the charges against him and based on these pleas, judgments of conviction were entered. His convictions were not overturned on appeal, although his sentences as to certain charges were vacated due to trial court error, and on remand, the trial court properly determined that appellant was entitled to withdraw his guilty pleas as to those charges. See OCGA § 17-7-

---

[1] OCGA §§ 16-1-7 (a) (1) and 16-1-8 (d) (2) govern the effect of a former conviction upon a subsequent prosecution for the same crime based upon the same material facts and provide that a prosecution is not barred by a former prosecution if "[s]ubsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." See also Keener v. State, 238 Ga. 7 (230 SE2d 846) (1976).

93 (b); <u>Kaiser v. State</u>, 285 Ga. App. 63, 68 (646 SE2d 84) (2007) (void sentence is a nullity and defendant maintains his right to withdraw plea until he is properly sentenced). The record establishes, however, that the order authorizing the withdrawal of appellant's guilty pleas was vacated on appellant's own motion, thereby reinstating his original guilty pleas and convictions. Accordingly, there was not in this case a second prosecution, and the trial court did not err by denying appellant's motion for plea in bar.

2. Appellant contends for the first time on appeal that trial counsel provided ineffective assistance during the remand proceedings. The claimed deficiencies are counsel's failure to present a meritorious double jeopardy defense and their recommendation that he not withdraw his guilty pleas in order to avoid a possible death sentence.

The proper method for raising a claim of ineffective assistance after entry of a guilty plea is for a defendant to file either a timely motion to withdraw the guilty plea, a direct appeal challenging the validity of the plea, or an action seeking relief through habeas corpus. See, e.g., <u>Frazier v. Mathis</u>, 286 Ga. 647 (690 SE2d 840) (2010) (addressing in habeas corpus action claims of ineffective assistance in connection with guilty plea); <u>McCutchen v. State</u>, 276 Ga. 532

4

(579 SE2d 732) (2003) (raising ineffective assistance claims on appeal from denial of motion to withdraw guilty pleas). An appeal from a guilty plea is available "only if the issue on appeal can be resolved by facts appearing in the record." Morrow v. State, 266 Ga. 3 (463 SE2d 472) (1995). Appellant chose not to withdraw his guilty pleas and has not filed a direct appeal challenging the validity of his pleas; and even if he had, his allegations of deficient performance could not be decided by reference to the record. Accordingly, his claims of ineffective assistance of counsel must be pursued in an action for habeas corpus. See Gibson v. State, 290 Ga. 516 (2) (b) (722 SE2d 741) (2012) (allegation of ineffective assistance requiring post-plea hearing not subject to review stemming from motion for out-of-time appeal but must be pursued in habeas action); Kaiser, supra, 285 Ga. App. at 68 ("in cases where there is a void sentence, but no motion to withdraw prior to resentencing, the rule remains that further relief must be sought through habeas corpus").

Judgment affirmed. All the Justices concur.

_____

Decided March 3, 2014 – Reconsideration denied March 28, 2014.

Murder, etc. Fulton Superior Court. Before Judge Lee.

Jason Pierce, pro se.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Assitant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K.Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General, for appellee.