In the Supreme Court of Georgia

Decided: February 4, 2019

S18A1559. THE STATE v. HANNA.

BOGGS, Justice.

The State appeals from the trial court's judgment of conviction and sentence imposed on Tina Marie Hanna after her plea of guilty to felony murder and related crimes, contending that the sentence is illegal and void because the trial court improperly sentenced Hanna on the basis of the "rule of lenity." The rule of lenity, however, is not implicated in this case, because the trial court erred in sentencing Hanna for an offense which was not charged and to which she did not plead guilty. We therefore vacate the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.

At the plea hearing on April 24, 2018, the prosecutor stated the factual basis for the plea, and defense counsel made a statement on the record in

response.[1] The trial court also briefly questioned Hanna, who has a composite I.Q. of 58. She was the mother of Mombera Hanna, the victim in this case, and had two older children, who were one and four years old at the time of Mombera's death. All three children had the same father, who was married to someone else. Mombera was born prematurely on March 12, 2011, and released from Grady Hospital in May, after approximately two months in the premature baby unit. At the time of his release, he weighed 7.2 pounds. On September 3, 2011, emergency medical technicians answered a 911 call and found Mombera unresponsive; he was taken to the hospital, but doctors were unable to resuscitate him. At the time of the autopsy, Mombera weighed 6.3 pounds. The opinion of the medical examiner was that Mombera died of starvation. As part of the plea, defense counsel admitted that Hanna failed to provide necessary sustenance and failed to seek medical attention for Mombera, but stated in mitigation that Hanna was intellectually disabled, that the medical examiner did

---

[1] In satisfying itself that a factual basis for a guilty plea exists under Uniform Superior Court Rule 33.9, a trial court may "discern the factual basis in a wide variety of ways, and we see no reason to restrict a trial court to any one method of subjectively satisfying itself of a factual basis," such as "through the trial court questioning the defendant or through the prosecutor stating what he expected the evidence to show at trial." State v. Evans, 265 Ga. 332, 334-335 (2) (454 SE2d 468) (1995). Here, "the court heard from the prosecutor, defense counsel, and the defendant." Brown v. State, 271 Ga. 550, 551 (2) (522 SE2d 230) (1999).

find food in Mombera's system, and that the hospital had failed to send feeding instructions home with Hanna when Mombera was released.

Hanna was charged with two counts of felony murder, OCGA § 16-5-1, and two counts of cruelty to children in the first degree, OCGA § 16-5-70. The felony-murder counts were predicated on first-degree cruelty to children by depriving the child of necessary sustenance to the extent that his health and well-being were jeopardized and by failing to seek necessary and adequate medical attention for the child. Hanna entered a non-negotiated plea of guilty to all four counts, but at the pretrial motions hearing and the plea hearing, defense counsel argued that the rule of lenity required that Hanna be sentenced as for contributing to the deprivation of a minor leading to death, pursuant to former OCGA § 16-12-1 (b) (3) and (d.1) (1) (2011), instead of for felony murder.

The trial court chose to sentence Hanna on the first count of felony murder, based upon her causing the child's death by depriving him of necessary sustenance to the extent that his health and well-being were jeopardized. The court further stated that it would apply the rule of lenity to that conviction and sentence Hanna as for contributing to the deprivation of a minor leading to death. The court sentenced Hanna to ten years in prison for felony murder, with

3

the first four years to be served in confinement and the balance on probation.[2]

The State strenuously objected:

> Your Honor, I think I need to put on the record that the State has not [a]greed to any reduction from felony murder. The State does not agree to 16-12-1, that is not on the indictment, and sentencing someone without the approval of the district attorney or the district attorney's office, the state disagrees that the court is able to do that, to sentence on a count that is not even in the indictment, to a sentence not authorized under the law.

The trial court also entered an "Order to Be Attached to Sentence" that stated in part:

> FURTHERMORE, it is the standard practice in this Court that all Defendants are allowed, for any reason, to withdraw their plea after sentence is handed down by the Court. If this Court's sentence . . . is not upheld by any higher court, this Court authorizes the Defendant to withdraw her plea and proceed to trial.

1. As a preliminary matter, we address the question of our jurisdiction. Under OCGA § 5-7-1 (a) (6), the State may appeal in a criminal case "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this

---

[2] The court also sentenced Hanna to a concurrent term of five years in prison for one child-cruelty charge, with the first four years to be served in confinement and the remaining year on probation. The other felony-murder count was vacated by operation of law, and the other child-cruelty plea merged into the first felony-murder count.

state." As discussed below, the sentence imposed here was void, and "[a]s such, the State's appeal is authorized by OCGA § 5-7-1 (a) (6) and this Court has jurisdiction to review the case on the merits." (Footnote omitted.) State v. Owens, 296 Ga. 205, 208 (2) (766 SE2d 66) (2014); see also Blackwell v. State, 302 Ga. 820, 827-828 (4) (809 SE2d 727) (2018).

2. In its first enumeration of error, the State contends that the trial court erred in applying the rule of lenity in sentencing Hanna as for deprivation of a minor child leading to death, instead of an appropriate sentence for felony murder.

> The Supreme Court of the United States has referred to the rule of lenity as a sort of junior version of the vagueness doctrine, which requires fair warning as to what conduct is proscribed. The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous. The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction.

(Citations and punctuation omitted.) Banta v. State, 281 Ga. 614, 617 (2) (642 SE2d 51) (2007).

But we need not apply the rule of lenity because the sentence imposed

here was erroneous for a more fundamental reason. Hanna pled guilty to and was convicted of felony murder, but she was sentenced as for a crime of which she was not convicted. The judgment therefore imposes an illegal and void sentence, and it must be vacated and the case returned to the trial court.

> [A] sentence is void if the court imposes punishment that the law does not allow. Whether a sentence amounts to "punishment that the law does not allow" depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally follows from a finding of such factual or adjudicative predicates.

(Citations and punctuation omitted.) von Thomas v. State, 293 Ga. 569, 571-572 (2) (748 SE2d 446) (2013). And "a sentence which is not allowed by law is void, and its illegality may not be waived." (Citations and punctuation omitted.) Id. at 573 (2).

Here, Hanna pled guilty to and was convicted of felony murder, for which death and imprisonment for life, with or without the possibility of parole, are the only sentences prescribed by law. See OCGA § 16-5-1. The trial court expressly sentenced Hanna on the first felony-murder count, but it applied the penalty prescribed for violation of former OCGA § 16-12-1 (b) (3), with which Hanna was not charged and to which she did not plead guilty. This sentence amounted

to "punishment that the law does not allow," is void, and must be vacated. Cf. Bynes v. State, 336 Ga. App. 223, 228 (2) (784 SE2d 71) (2016) (holding that sentence for crime not charged in indictment was void).

In its sentencing order, the trial court relied on the rule of lenity to conclude that it could give Hanna a sentence other than that required for a felony murder conviction. The rule of lenity, however, cannot be applied in this fashion. Under the rule of lenity, "'[a]mbiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor.'" State v. Hudson, 303 Ga. 348, 354 n.5 (812 SE2d 270) (2018) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 296 (2012)). See also Banta, supra, 281 Ga. at 617 ("The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment.").

In some cases, the rule of lenity has been applied to decide what sentence should be imposed because the statute determining the sentence is ambiguous. See, e.g., Gee v. State, 225 Ga. 669, 676-677 (171 SE2d 291) (1969) (holding that a defendant could be sentenced to a fine rather than prison time because

7

although the statute under which he was convicted said the offense was a felony, which means it should be punished by imprisonment, the statute also said the crime could be punished by a fine, imprisonment, or both); Dixon v. State, 336 Ga. App. 257, 261 (784 SE2d 98) (2016) (applying the rule of lenity to ambiguous language in the statute that governed whether the defendant was subject to being sentenced as a recidivist). That application of the rule of lenity is not at issue in this case, because there is no ambiguity here about the proper sentence for felony murder: the sentence must be death, imprisonment for life without parole, or imprisonment for life. See OCGA § 16-5-1 (e) (1) ("A person convicted of the offense of murder shall be punished by death, by imprisonment for life without parole, or by imprisonment for life.").

In other cases, the rule of lenity has been applied when the court concludes that one offense has been criminalized by two different statutory provisions, one of which provides a lesser punishment than the other. In that situation, the statutory provision imposing the greater punishment is effectively abrogated by the provision imposing the lesser punishment, and the defendant cannot be properly prosecuted or convicted under the more stringent provision. See Gee, supra, 225 Ga. at 676 ("'Where there are two sections in a statute

8

providing a punishment or penalty for the same act or offense, one providing a greater and the other a lesser, the section prescribing the greater is abrogated by the one prescribing the lesser.'" (Citation omitted)). See also Dixon v. State, 278 Ga. 4, 8 (596 SE2d 147) (2004) (when defendant was convicted of both misdemeanor statutory rape and aggravated child molestation, and the same offense was criminalized by both statutes, the defendant could not be convicted of and sentenced for aggravated child molestation because that crime carried a greater penalty); Chandler v. State, 257 Ga. 775, 775-776 (364 SE2d 273) (1988) (holding that a probationer could not be prosecuted for the felony of escape for his late return to his diversion center during probation because that offense subjected him, under a different statute, to the lesser penalty of revocation of probation).[3]

Hanna's rule of lenity argument follows the latter course. She argues that the offense of felony murder based on depriving a child of necessary sustenance, see OCGA § 16-5-1, and the offense of contributing to the deprivation of a

---

[3]This Court has sometimes reached the same conclusion based on other canons of statutory interpretation. See, e.g., Williams v. State, 299 Ga. 632, 634 (791 SE2d 55) (2016) (concluding that because the felony deprivation statute, which required the death of a child, was more specific and later-enacted than the general felony murder statute, the felony murder statute did not apply).

minor leading to death, see former OCGA § 16-12-1 (b) (3) and (d.1), criminalize the same conduct. She contends that she therefore can only be convicted of and sentenced for contributing to the deprivation of a minor, because it carries a lesser penalty. If those two statutes in fact cover the same offense so that an ambiguity is created as to which one should apply, then Hanna would be partly right: she could not properly be convicted of and sentenced for felony murder. But the method that Hanna proposed, and the trial court adopted, to address her rule of lenity argument was incorrect. Although the rule of lenity may require a court to reverse a *conviction* based upon the violation of a statutory provision that has been effectively abrogated by a duplicative provision imposing a lesser penalty, the rule does not allow the court to impose a *sentence* for an offense different than the one unambiguously provided for in the statute to which the defendant pled or was found guilty.[4]

---

[4]Although this Court may have indicated that the trial court (or even this court) has that power, that language was imprecise, and in fact the result of the case was the reversal of the conviction for the inapplicable crime, with no remand for the trial court to enter a conviction and sentence on the more lenient crime that was not charged. See Brown v. State, 276 Ga. 606, 608 (581 SE2d 35) (2003) ("Because the same conduct constituted both a felony and a misdemeanor, the rule of lenity requires that Brown be subjected to the penalties for the misdemeanor, rather than the felony. Accordingly, we reverse Brown's felony conviction."). The more precise way to explain the effect of completely overlapping and therefore ambiguous criminal statutes is that the defendant *can* be subject only to the statute with the lesser penalty; if she has not properly pled or been found guilty of that more lenient

In this case, Hanna could have filed a general demurrer to the charge of felony murder based upon depriving a minor of necessary sustenance, on the ground that the felony murder statute cannot be applied to her offense because of the more lenient deprivation statute and rule of lenity. See, e.g., Banta, supra, 281 Ga. at 615. Or she could have pled guilty or gone to trial and then raised a rule of lenity argument challenging a conviction for felony murder. See, e.g., Dixon, supra, 278 Ga. at 4. If the trial court was persuaded by such an argument, it could dismiss the felony murder count or set aside the felony murder conviction. The court could not, however, do what it did here: leave Hanna's felony murder conviction in place but impose a sentence for the crime of contributing to the deprivation of a minor, because Hanna was not convicted of that offense. Accordingly, the court's sentence for felony murder is illegal and void, and we vacate that sentence.

3. In its second enumeration of error, the State objects to what it describes

---

offense, the court cannot amend the statute of conviction to replace its clear sentence language with the sentence language from the other statutory provision.

Similarly, in McNair v. State, 293 Ga. 282 (745 SE2d 646) (2013), our holding was limited to a determination that the Court of Appeals erred in holding that the rule of lenity does not apply when the two offenses at issue are both felonies. No determination was made as to the applicability of the rule of lenity; the case was remanded for the Court of Appeals to consider the merits. Id.

as "[t]he trial court's standard practice of permitting defendants to withdraw their guilty plea, for any reason, after sentence is handed down," as reflected in the trial court's Order to Be Attached to Sentence. However, in the procedural posture of this case's return to the trial court, no legal or valid sentence will have been entered with respect to Hanna's guilty plea to felony murder based upon the deprivation of sustenance. And OCGA § 17-7-93 (b) provides, "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"

The Court of Appeals, in the whole court decision of Kaiser v. State, 285 Ga. App. 63 (646 SE2d 84) (2007), considered the application of this Code section to a sentence that was held to be void on appeal. After analyzing two conflicting lines of Court of Appeals authority, it concluded that "[w]here a void sentence has been entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced. And pursuant to OCGA § 17-7-93 (b), the defendant may withdraw his plea as of right prior to sentencing." Id. at 66 (1). This Court cited Kaiser with approval in Pierce v. State, 294 Ga. 842 (1) (755 SE2d 732) (2014). There, we noted that the trial court properly determined that Pierce was entitled to

12

withdraw his guilty pleas to two counts of malice murder after the sentences for those counts were vacated on appeal. We also noted that the trial court correctly denied Pierce's motion to withdraw his pleas of guilty to other charges because those convictions were affirmed on appeal and Pierce "had no statutory right to withdraw those pleas. [Cits.]" See id. at 844 (1). See also Humphrey v. State, 299 Ga. 197, 199 (1) (787 SE2d 169) (2016) (appellant could not withdraw guilty plea as matter of right because only trial court's statement regarding eligibility for parole was vacated, leaving life sentence for murder intact); Pope v. State, 301 Ga. 528, 531-532 (801 SE2d 830) (2017) (void sentence on one count did not render appellant's pleas on the remaining counts subject to withdrawal as a matter of right).[5] To the extent Hanna seeks to withdraw her guilty plea to the other crime for which she has been sentenced, such a

---

[5] In Humphrey, this Court observed:

As noted in Kaiser, there are two competing lines of authority regarding this issue, see id. at 65-68, and, while the Court of Appeals in its whole-court decision in Kaiser adopted the approach allowing the withdrawal of a plea following the vacating of the sentence thereon, this Court has apparently not squarely addressed the issue, apart from referring favorably to Kaiser in its dicta in Pierce. See Pierce, 294 Ga. at 843-844.

299 Ga. at 199 (1) n.2. This Court also has cited Kaiser with approval in Pope, supra, 301 Ga. at 532.

withdrawal would appear to run counter to <u>Pope</u> as well as Uniform Superior Court Rule 33.12 (B), which – unlike the trial court's "standard practice" – provides: "In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right once sentence has been pronounced by the judge." But Hanna has not sought to withdraw any of her guilty pleas, so the State's challenge to the trial court's standard practice is not ripe.

<u>Judgment vacated in part and case remanded. All the Justices concur.</u>