**FIRST DIVISION**
**GOBEIL,**
**COOMER and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 19, 2020**

# In the Court of Appeals of Georgia

A20A1206. TOWNS v. THE STATE.

COOMER, Judge.

Johnathan Keith Towns appeals from his conviction for the felony offense of making a false statement. Towns contends that the trial court erred in denying his plea in bar because the State waited over two years to indict him for conduct that is a misdemeanor. For the following reasons, we reverse.

The facts, as stipulated to by the parties at Towns' bench trial, establish that on August 21, 2016, Towns called the Paulding County Sheriff's Office and reported that his car had been stolen. A deputy investigated and discovered Towns' story to be false. On August 26, 2016, the deputy invited Towns to the station to make a witness statement for his false assertion of his car's theft. Towns agreed to do so, arrived at the station, and wrote a witness statement in support of the false report. The

deputy then confronted Towns with his knowledge of the crime's falsity and arrested Towns for making false statements and making a false report of a crime.

On April 9, 2019, the State indicted Towns for making false statements and making a false report of a crime. Towns filed a general demurrer and a plea in bar on June 10, 2019, which the trial court heard on July 9, 2019. On July 22, 2019, the trial court granted the general demurrer and plea in bar with respect to making a false report and denied them with respect to making false statements.

On October 23, 2019, the State re-indicted Towns for one count of making a false statement. Towns filed another general demurrer and plea in bar on November 25, 2019, based on the rule of lenity and the statute of limitations. On December 17, 2019, after a hearing, the trial court denied Towns' general demurrer and plea in bar. After a stipulated bench trial, the trial court convicted Towns of making a false statement. The State conceded that the rule of lenity applied for purposes of sentencing and recommended a misdemeanor sentence, which the trial court adopted. This appeal followed.

Towns contends that trial court erred in denying his plea in bar. We agree.

Towns argues that the rule of lenity makes his conduct a misdemeanor. "As in all appeals involving the construction of statutes, our review is conducted under a de

novo standard." *Mitchell v. State*, 343 Ga. App. 116, 117 (806 SE2d 226) (2017) (citation and punctuation omitted).

"The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment." *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007). "The fundamental inquiry when making this assessment, then, is whether the identical *conduct* would support a conviction under either of two crimes with differing penalties, i.e., whether the statutes define the same offense such that an ambiguity is created by different punishments being set forth for the same crime." *Gordon v. State*, 334 Ga. App. 633, 635 (780 SE2d 376) (2015) (citations and punctuation omitted; emphasis in original). "[T]he essential requirement of the rule of lenity is that both crimes could be proved with the same evidence." Id. at 637 (citations and punctuation omitted). As the Supreme Court of Georgia recently explained, when

> one offense has been criminalized by two different statutory provisions, one of which provides a lesser punishment than the other . . . , the statutory provision imposing the greater punishment is effectively abrogated by the provision imposing the lesser punishment, and the defendant *cannot be properly prosecuted or convicted under the more stringent provision.*

3

*State v. Hanna*, 305 Ga. 100, 104 (2) (823 SE2d 785) (2019) (emphasis supplied).

"[T]he effect of completely overlapping and therefore ambiguous criminal statutes is that the defendant *can* be subject only to the statute with the lesser penalty[.] Id. at 105 (2) n. 4 (emphasis in original).

Towns was charged with the felony offense of making a false statement, which is committed when a person

> knowingly and willfully falsifies . . . a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state[.]

OCGA § 16-10-20. Towns argues that the rule of lenity makes his conduct a misdemeanor, the offense of making a false report of a crime, which is committed when a person "willfully and knowingly gives or causes a false report of a crime to be given to any law enforcement officer or agency of this state[.]" OCGA § 16-10-26.

The indictment charged Towns with committing the felony offense of making a false statement by

4

knowingly and willfully [making] a false statement to [the deputy] in regards to a matter within the jurisdiction of the Paulding County Sheriff's Office, a department of the Paulding County government, to wit: the accused did write a witness statement reporting to law enforcement that said accused's vehicle had been stolen, in violation of O.C.G.A. § 16-10-20[.]

Upon review of the two statutes at issue, although there are many ways that the crime of making a false statement may be committed, [Towns'] conduct, as charged, subjected him to prosecution and sentencing under both OCGA §§ 16-10-20 and 16-10-26. Indeed, [Towns] wilfully and knowingly made a false statement to [a law enforcement officer] by falsely reporting to [that] officer[] a crime that he alleged to have occurred in [his] jurisdiction. Thus, because these two statutes provide different grades of punishment for the same criminal conduct, [Towns] is entitled to the rule of lenity.

*Gordon*, 334 Ga. App. 633, 640-641 (780 SE2d 376) (2015) (footnotes omitted).

Consequently, Towns could not properly be prosecuted for or convicted of making a false statement under OCGA § 16-10-20. See *Hanna*, 305 Ga. at 104 (2).[1]

---

[1] If the State had indicted Towns within the two-year statute of limitations for misdemeanors, it could have prosecuted Towns for making a false report of a crime under OCGA § 16-10-26.

Accordingly, we reverse Towns' felony conviction.

*Judgment reversed. Gobeil and Pipkin, JJ., concur.*

A20A1206.  TOWNS v. THE STATE.

GOBEIL, Judge, concurring fully and specially.

Because I agree that the trial court erred in denying Towns's plea in bar, I concur in the Majority's opinion. I write separately, however, to elaborate upon my rationale for doing so.

In short, there is no dispute that Towns's conduct in this case would be a crime under both OCGA § 16-10-20 (making a false statement, a felony), and OCGA § 16-10-26 (making a false report of a crime, a misdemeanor). There also is no dispute that the statute of limitations (two years under OCGA § 17-3-1 (e) for misdemeanors) had

expired at the time the State indicted Towns in April 2019. The State then decided to re-indict Towns for one count of making a false statement under OCGA § 16-10-20 (a felony) and the trial court convicted him of this charge. The trial court sentenced him, however, as if he were convicted of a misdemeanor offense.

As set forth in *State v. Hanna*, 305 Ga. 100 (823 SE2d 785) (2019), the rule of lenity has been applied when the court concludes that one offense has been criminalized by two different statutory provisions, one of which provides a lesser punishment than the other. Id. at 104 (2). In that situation, the statutory provision imposing the greater punishment is "effectively abrogated by the provision imposing the lesser punishment, and the defendant cannot be properly prosecuted or convicted under the more stringent provision." Id. As relevant here, our Supreme Court explained that

> [a]lthough the rule of lenity may require a court to reverse a *conviction* based upon the violation of a statutory provision that has been effectively abrogated by a duplicative provision imposing a lesser penalty, the rule does not allow the court to impose a *sentence* for an offense different than the one unambiguously provided for in the statute to which the defendant pled or was found guilty.

2

*Hanna*, 305 Ga. at 105 (2) (emphasis in original). See also *Brown v. State*, 276 Ga. 606, 608 (581 SE2d 35) (2003) ("Because the same conduct constituted both a felony and a misdemeanor, the rule of lenity requires that Brown be subjected to the penalties for the misdemeanor, rather than the felony. Accordingly, we reverse Brown's felony conviction."). In the instant case, the State failed to timely indict Towns for the misdemeanor offense of making a false report of a crime under OCGA § 16-10-26. As a result, because Towns was not indicted for nor convicted of the misdemeanor offense, the trial court could not substitute a misdemeanor sentence for his felony conviction. See *Hanna*, 305 Ga. at 105 (2). Importantly, because the statute of limitations had run, the State no longer could indict and prosecute Towns for the misdemeanor offense of making a false report.