313 Ga. 598
FINAL COPY

S22A0174. POLANCO v. THE STATE.

ORDER OF THE COURT.

In November 2019, appellant Saul Polanco pleaded guilty to felony murder, aggravated assault, possession of a knife during the commission of a felony, and misdemeanor third-degree cruelty to children. The amended final disposition was entered on December 17, 2019, and reflects that the malice murder count was nolle prossed and that dispositions were entered as to the remaining counts. Appellant did not file a timely notice of appeal, but on June 15, 2020, he filed a pro se motion for out-of-time appeal, which appointed counsel amended. On April 1, 2021, the trial court entered an order denying the motion for out-of-time appeal, and, after appellant's counsel filed a motion for vacatur and re-entry of the order because she had not been served with it, the trial court vacated and re-entered the order on September 13, 2021. On September 14, 2021, appellant's counsel filed a notice of appeal.

However, in *Cook v. State*, 313 Ga. ___ (___ SE2d ___) (2022), this Court eliminated the judicially created out-of-time-appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4).

Accordingly, the trial court's September 13, 2021 order denying appellant's motion for out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing appellant's motion. Appellant is advised that any subsequent attempt to appeal the trial court's order entering the judgment of conviction and denying his motion for out-of-time appeal will likely be dismissed as untimely.

See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing appellant's motion for out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (804 SE2d 1) (2017). If appellant believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for habeas corpus, along with claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq. Appellant should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.

*All the Justices concur.*

ELLINGTON, Justice, concurring.

After Saul Polanco fatally stabbed his wife, he entered a negotiated guilty plea to felony murder predicated on aggravated

3

assault, along with other charges, on November 19, 2019. After the time allowed for filing a notice of appeal, Polanco filed pro se a motion for out-of-time appeal, which the trial court denied. The Court is vacating the trial court's order denying Polanco's motion for out-of-time appeal and remanding the case for dismissal of his motion, consistent with our recent decision in *Cook v. State*, 313 Ga. ___, ___ (5) (___ SE2d ___) (2022). Although neither party has yet challenged the validity of Polanco's sentence, I wish to point out that the trial court imposed a sentence for Polanco's felony murder conviction that is not allowed by Georgia law. Specifically, the trial court sentenced Polanco on Count 2 to "[l]ife with [the] first 25 [y]ears to be served in confinement not eligible for parole, balance probated[.]" This is an illegal and void sentence for a felony murder conviction, as explained below, and is subject to being vacated.

Georgia's Criminal Code provides: "A person convicted of the offense of murder shall be punished by death, by imprisonment for life without parole, or by imprisonment for life." OCGA § 16-5-1 (e) (1). Thus, for a conviction of felony murder, "death and

4

imprisonment for life, with or without the possibility of parole, are the only sentences prescribed by law." *State v. Hanna*, 305 Ga. 100, 103 (2) (823 SE2d 785) (2019). See also *Humphrey v. State*, 297 Ga. 349, 350 (773 SE2d 760) (2015) ("[T]he law only authorized the trial court to sentence [the defendant for murder] to death, imprisonment for life without any possibility of parole ever, or imprisonment for life with the possibility of parole as soon as permitted by law.").

OCGA § 17-10-1 (a) (1) (A), the Code section that grants the power and authority to a judge, in fixing determinate criminal sentences generally, to suspend or probate all or part of a sentence, expressly excludes cases in which imprisonment for life, with or without the possibility of parole, may be imposed.[1] See *Langley v. State*, 313 Ga. 141, 144-147 (2) (868 SE2d 759) (2022) (discussing

---

[1] OCGA § 17-10-1 (a) (1) (A) provides:
Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime. The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper[.]

penal statutes that include language expressly prohibiting probation for all or some part of a sentence for particular offenses). Thus, OCGA § 17-10-1 (a) (1) (A) does not authorize a trial court to probate any part of a life sentence. See id.

At sentencing, the trial court expressed its intention "to deviate from the mandatory minimum" sentence for felony murder, and it imposed a split sentence including a term of imprisonment of 25 years followed by probation for life.[2] This particular sentence suggests reliance on two provisions of OCGA § 17-10-6.1, which provides for sentencing of persons convicted of serious violent felonies, as defined in that Code section; felony murder is designated as a serious violent felony. See OCGA § 17-10-6.1 (a) (1). First, the split sentence, with probation for life following a defined term of imprisonment, suggests reliance on OCGA § 17-10-6.1 (b) (2), which

---

[2] At the guilty plea hearing, the trial court announced that, as to Count 2, felony murder, "as agreed to by the State and the [d]efense, the [c]ourt is going to deviate from the mandatory minimum and sentence [Polanco] to life, with the first 25 years to be served in confinement[,] and he will not be eligible for parole. . . . [H]e is to serve the full term of life on probation after he serves his 25 years [in prison]."

6

requires a sentence of "a mandatory minimum term of imprisonment of 25 years, followed by probation for life" for persons convicted of certain serious violent felonies.[3] Paragraph (b) (2) lists the offenses for which that sentence is required; the General Assembly omitted felony murder from that list. Second, the trial court's reference "to deviat[ing] from the mandatory minimum" suggests reliance on OCGA § 17-10-6.1 (e), which authorizes trial courts to "depart" from mandatory minimum sentences for certain serious violent felonies "when the prosecuting attorney and the defendant have agreed to a

---

[3] OCGA § 17-10-6.1 (b) (2) provides:
Except as provided in subsection (e) of this Code section, the sentence of any person convicted of the serious violent felony of:
(A) Kidnapping involving a victim who is less than 14 years of age;
(B) Rape;
(C) Aggravated child molestation, as defined in subsection (c) of Code Section 16-6-4, unless subject to the provisions of paragraph (2) of subsection (d) of Code Section 16-6-4;
(D) Aggravated sodomy, as defined in Code Section 16-6-2; or
(E) Aggravated sexual battery, as defined in Code Section 16-6-22.2
shall, unless sentenced to life imprisonment, be a split sentence which shall include a mandatory minimum term of imprisonment of 25 years, followed by probation for life, and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court.

7

sentence that is below such mandatory minimum."[4] But the authority to depart from a mandatory minimum sentence is limited to cases where a mandatory minimum sentence for a particular serious violent felony is "specified in" OCGA § 17-10-6.1.[5] Murder is not one of the serious violent felonies for which a mandatory minimum sentence is specified in OCGA § 17-10-6.1. Thus, OCGA § 17-10-6.1 does not authorize a trial court to impose a sentence for a murder conviction of 25 years in prison followed by probation for life, nor does the Code section authorize a trial court to deviate from the mandatory minimum sentence for murder set out in OCGA § 16-5-1 (e) (1), including by probating a portion of a sentence for murder. See *Langley*, 313 Ga. at 146 (2) ("OCGA § 17-10-1 (a) (1) (A) excludes

---

[4] OCGA § 17-10-6.1 (e) provides:

In the court's discretion, the judge may depart from the mandatory minimum sentence *specified in this Code section* for a person who is convicted of a serious violent felony when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum.

(Emphasis supplied.)

[5] See, e.g., OCGA § 17-10-6.1 (b) (1) (mandatory minimum sentences for kidnapping involving a victim who is 14 years of age or older and for armed robbery), (2) (mandatory minimum sentences for kidnapping involving a victim who is less than 14 years of age, rape, aggravated child molestation, aggravated sodomy, and aggravated sexual battery).

'cases in which life imprisonment, life without parole, or the death penalty may be imposed'" from the power to probate sentences "and also makes the power to probate sentences 'subject to the provisions of Code Sections 17-10-6.1 and 17-10-6.2,' which limit the availability of probation for serious violent felonies and sexual offenses.");[6] see also *Hanna*, 305 Ga. at 102 (2); *Humphrey*, 297 Ga. at 351.

---

[6] OCGA § 17-10-6.2 provides in pertinent part:

> (b) Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense [as defined in subsection (a)] shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to such sexual offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the court. Any such sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year; provided, however, that when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed. No person convicted of a sexual offense shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42 or any other provision of Georgia law relating to the sentencing of first offenders.
>
> > (c) (1) In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, when the prosecuting attorney and the defendant have agreed to a

Furthermore, a person who is convicted of felony murder and sentenced to life in prison pursuant to OCGA § 16-5-1 (e) (1) is not eligible for parole until he has served 30 years in prison. See OCGA § 17-10-6.1 (c) (1).[7] Thus, the trial court had no statutory authority to enter a sentence making Polanco eligible for parole after serving only 25 years in prison. Logically, there would seem to be no reason to make a person convicted of murder *eligible* for parole, at the discretion of the State Board of Pardons and Paroles, after serving just 25 years in prison, while simultaneously making the convicted murderer *entitled* to probation after that period of imprisonment, given that the probation portion of the sentence would not require

---

sentence that is below such mandatory minimum or provided that [specified circumstances exist].

[7] OCGA § 17-10-6.1 (c) (1) provides:

Except as otherwise provided in subsection (c) of Code Section 42-9-39 [concerning the authority of the State Board of Pardons and Paroles], for a first conviction of a serious violent felony in which the accused has been sentenced to life imprisonment, that person shall not be eligible for any form of parole or early release administered by the State Board of Pardons and Paroles until that person has served a minimum of 30 years in prison. The minimum term of imprisonment shall not be reduced by any earned time, early release, work release, leave, or other sentence-reducing measures under programs administered by the Department of Corrections.

any such exercise of the power of executive clemency by the Parole Board. Nevertheless, Polanco's sentence is illegal to the extent it purports to require only the first 25 years of his life sentence "to be served in confinement not eligible for parole."

Because the Criminal Code contains no provision authorizing a split sentence including probation for a murder conviction, nor any provision authorizing parole eligibility before 30 years served in prison for a murder conviction, the trial court imposed a plainly illegal sentence, and it is therefore void. See *Hanna*, 305 Ga. at 103 (2) ("A sentence is void if the court imposes punishment that the law does not allow." (citation and punctuation omitted)). The fact that the State consented to Polanco's sentence, including the probation and parole provisions, is immaterial because, "as we have indicated in a number of cases, the consent of the parties cannot validate a void sentence." *Ellison v. State*, 299 Ga. 779, 780 (792 SE2d 387) (2016) (citation and punctuation omitted). See also *Hanna*, 305 Ga. at 103 (2) ("[A] sentence which is not allowed by law is void, and its illegality may not be waived." (citation and punctuation omitted)).

11

A sentencing court "has the authority to correct a void sentence at any time," including by resentencing the defendant. *Parrott v. State*, 312 Ga. 580, 582 (3) (864 SE2d 80) (2021) (citation and punctuation omitted). The Court of Appeals has held that, "[w]here a void sentence has been entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced. And pursuant to OCGA § 17-7-93 (b), the defendant may withdraw his plea as of right prior to sentencing." *Kaiser v. State*, 285 Ga. App. 63, 66 (1) (646 SE2d 84) (2007). See OCGA § 17-7-93 (b) ("At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"). This Court quoted this passage from *Kaiser* in *Hanna*, 305 Ga. at 106 (3), and cited *Kaiser* with approval in *Pierce v. State*, 294 Ga. 842, 844 (1) (755 SE2d 732) (2014), paraphrasing that a "void sentence is a nullity and [the] defendant maintains his right to withdraw [his guilty] plea until he is properly sentenced." In my view, it follows from *Hanna*, *Pierce*, and *Parrott* that, because Polanco has not been properly sentenced

12

for felony murder, he maintains his right under OCGA § 17-7-93 (b) to withdraw his guilty plea upon vacatur of the void sentence and that he can pursue vacatur of the void sentence by filing a motion in the trial court to vacate his murder sentence.

I am authorized to state that Chief Justice Nahmias joins in this concurrence.

Ordered April 19, 2022.

Murder. Gwinnett Superior Court. Before Judge Batchelor.

*Wiley Defense, Kelsey G. Wiley*, for appellant.

*Patsy Austin-Gatson, District Attorney, Christopher M. DeNeve, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.