**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 15, 2025**

# In the Court of Appeals of Georgia

A25A1287. LOFTON v. THE STATE.

DOYLE, Presiding Judge.

Courtney Lofton was indicted for one count of trafficking a person for sexual servitude ("sex trafficking"),[1] which indictment he moved to dismiss, arguing, inter alia, that lenity applied because the indicted act also constituted the lesser crime of pandering a person under 18 years old.[2] The trial court denied Lofton's motion, but granted a certificate of immediate review, and this Court granted Lofton's application for interlocutory appeal. Lofton appeals, and we reverse the trial court's order for the reasons that follow.

---

[1] See OCGA § 16-5-46 (c) (2022).

[2] See OCGA §§ 16-6-12, 16-6-13 (b) (2) (2022).

This Court reviews questions of law, questions of statutory construction, constitutional issues, and pre-trial denials of demurrers to an indictment de novo.[3] Viewed in this light, the record shows that a purported 21-year-old woman[4] posted online advertisements on two websites in October 2022, in which the woman offered to engage in sexual activity for money. Lofton responded to one of the advertisements, traveled to a hotel as directed, and paid for sex with the person, who was actually 17-year-old J. C.[5]

---

[3] See *State v. Gilmore*, 312 Ga. 289, 292 (2) (a) (862 SE2d 499) (2021); *State v. Burns*, 306 Ga. 117, 118 (829 SE2d 367) (2019); *Picklesimer v. State*, 353 Ga. App. 718, 721 (1) (839 SE2d 214) (2020); *Mitchell v. State*, 343 Ga. App. 116, 117 (806 SE2d 226) (2017). For an extended discussion of the appropriate motion or demurrer to file in order to challenge an indictment prior to trial, see *State v. Mondor*, 306 Ga. 338, 340-341 (1) (830 SE2d 206) (2019). Regardless, "[m]agic words are not required to file a demurrer, and the substance and function of a motion or pleading generally controls our review." Id. at 340 (1).

[4] Lofton contends that the advertisements were for a 21 year old. The State does not dispute this statement, but the record does not contain evidence of the advertised age of the trafficked person.

[5] Despite the many recent changes to protect minor children from exploitation as detailed in this opinion, we note that the age of consent for non-commercial sex acts in Georgia remains 16 years old. See OCGA § 16-6-3 (a). See also *Yeamans v. State*, 366 Ga. App. 780, 790 (2) (884 SE2d 380) (2023) (explaining that "an individual under 16 years of age cannot consent to or be a willing participant in sexual conduct").

Around this time, the Georgia Bureau of Investigation was investigating a sex-trafficking target, Robert Fountain. Investigators searched Fountain's cell phone and discovered messages between Fountain and Lofton regarding the service from the advertisement and an $80 money exchange from Lofton to Fountain for those services. Based on this evidence, the State charged Lofton with one count of trafficking of persons for sexual servitude, OCGA § 16-5-46 (c), for that Lofton, "on or about the 25th day of October, 2022, did knowingly solicit [J. C.], a person under the age of 18 years, for the purpose of sexual servitude . . . ."[6]

Lofton moved to dismiss the charge, challenging it under the rule of lenity. Lofton argued that application of the rule of lenity required dismissal of the trafficking charge because the charged conduct constituted pandering a person under 18 years old pursuant to OCGA §§ 16-6-9, 16-6-12. Lofton argued that the punishment for pandering had a lower statutory minimum, was subject to the First Offender Act, and allowed him to argue that he was ignorant of J. C.'s age, unlike trafficking, which prohibited raising such a defense.[7] Finally, in support of his argument that failure to

---

[6] (Emphasis omitted.)

[7] See OCGA § 16-5-46 (d) (2022) ("The age of consent for sexual activity or the accused's lack of knowledge of the age or developmental disability of the

3

apply lenity would result in disparate enforcement by the attorney general, Lofton also presented evidence of other indictments in similar cases in which the defendants had been charged only for pandering rather than sex trafficking.

At the hearing on Lofton's motion, the State admitted that it was alleging only that Lofton was paying for sex with J. C. and was not alleging that Lofton had acted as a pimp for J. C., had falsely imprisoned J. C., or was otherwise facilitating her being sold for sex with other people. Despite the fact that in other cases with similar facts the State had indicted individuals for pandering a person under 18, the State contended that Lofton could not be charged with pandering here because prostitution was no longer a crime for an individual under the age of 18, and thus, only the sex trafficking statute applied to Lofton's case.

After the hearing, the trial court denied Lofton's motion. The court found that because J. C. was under 18, she could not commit an act of prostitution, and therefore, only the trafficking statute and not the pandering statute could apply in this instance. The court granted Lofton a certificate of immediate review, and this Court granted Lofton's application for interlocutory appeal.

individual being trafficked shall not constitute a defense in a prosecution for a violation of this Code section.").

4

1. We first address whether this issue was properly raised prior to trial.

The Supreme Court of the United States has referred to the rule of lenity as a sort of junior version of the vagueness doctrine, which requires fair warning as to what conduct is proscribed. The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous. The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction.[8]

"Under the rule of lenity, ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor."[9] In *Hanna v. State*, the Georgia Supreme Court addressed an argument that two statutes criminalized the same conduct and that the defendant should have been convicted and sentenced pursuant to the statute carrying the lesser penalty.[10] But the defendant in that case had pleaded

---

[8] (Punctuation omitted.) *State v. Hanna*, 305 Ga. 100, 102 (2) (823 SE2d 785) (2019), quoting *McNair v. State*, 293 Ga. 282, 284 (745 SE2d 646) (2013); *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007).

[9] (Punctuation omitted.) *Hanna*, 305 Ga. at 103 (2).

[10] See id. at 104-105 (2).

guilty to the greater offense, and thereafter, she requested that the trial court sentence her pursuant to the penalty for the lesser offense, which the trial court did.[11] On appeal, the Supreme Court held that the sentence was void — the trial court could not sentence the defendant under the lesser offense after she pleaded guilty to the greater offense — and the defendant followed the incorrect procedure for the issue she was raising.[12] The Court explained that the defendant could have filed "a general demurrer to the [offense with the greater sentence] on the ground that the [greater] statute cannot be applied to her [actions] because of the more lenient[ly punished] statute and the rule of lenity."[13] In this case, as the Georgia Supreme Court instructed in *Hanna*, Lofton filed a pre-trial motion to dismiss the trafficking charge against him, arguing that the existence of the more leniently punished pandering statute and the rule of

---

[11] See id. at 102-103 (2).

[12] See id. at 102-105 (2).

[13] Id. at 105 (2) ("Although the rule of lenity may require a court to reverse a conviction based upon the violation of a statutory provision that has been effectively abrogated by a duplicative provision imposing a lesser penalty, the rule does not allow the court to impose a sentence for an offense different than the one unambiguously provided for in the statute to which the defendant pled or was found guilty.") (emphasis omitted.)

lenity prohibited the State's prosecution under the trafficking statute.[14] This was essentially a general demurrer to the indictment,[15] and an appropriate challenge to the charge based on his lenity argument.

2. Lofton argues that the trial court erred by denying his lenity-based motion to dismiss the sex trafficking charge. Specifically, he contends that the court incorrectly interpreted the pandering statute based on an incorrect reading of the prostitution statute, OCGA § 16-6-9 (2022),[16] to find that pandering a person under 18 did not apply in this instance.

> [T]he rule of lenity has been applied when the court concludes that one offense has been criminalized by two different statutory

---

[14] Compare with *Huber v. State*, 368 Ga. App. 401, 402-404 (1) (890 SE2d 271) (2023) (first applying the rule for a general demurrer to the lenity issue — taking the facts alleged as premised, the guilt of the accused follows as a legal conclusion, the indictment is good — prior to applying the law for lenity); *Raybon v. State*, 309 Ga. App. 365, 367 (710 SE2d 579) (2011) (explaining that the defendant had "provided no authority, and we have found none, for the proposition that the rule of lenity could subject to demurrer an otherwise sufficient indictment," so trial counsel's failure to file a pre-trial demurrer to the indictment on the basis of lenity could not constitute ineffective assistance of counsel).

[15] See *Hanna*, 305 Ga. at 105 (2). See also *Mondor*, 306 Ga. at 340 (1).

[16] See *Fleming v. State*, 271 Ga. 587, 590 (523 SE2d 315) (1999) ("[I]t has long been the law in this state that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.").

provisions, one of which provides a lesser punishment than the other. In that situation, the statutory provision imposing the greater punishment is effectively abrogated by the provision imposing the lesser punishment, and the defendant cannot be properly prosecuted or convicted under the more stringent provision.[17]

"The fundamental inquiry when making this assessment, then, is whether the identical conduct would support a conviction under either of two crimes with differing penalties, i.e., whether . . . both crimes could be proved with the same evidence."[18] Thus, if Lofton is correct that, as charged here, the sex trafficking and pandering "statutes in fact cover the same offense so that an ambiguity is created as to which one should apply, then [he] could not properly be convicted of and sentenced for [sex trafficking]."[19]

Turning first to the statutes at issue, we recall that

[w]hen interpreting a statute, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English

---

[17] *Hanna*, 305 Ga. at 104 (2).

[18] (Citation, punctuation, and emphasis omitted.) *Towns v. State*, 357 Ga. App. 701, 702 (849 SE2d 249) (2020).

[19] *Hanna*, 305 Ga. at 105 (2).

language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.[20]

In 2001, in an effort to curb the sexual exploitation of children, the legislature passed the Child Sexual Commerce Prevention Act, which increased penalties for individuals "convicted of pimping, pandering, or solicitation of sodomy where such acts are directed toward a person under the age of 18 years."[21] By 2022, a person convicted of pandering "a person under the age of 18 years" [was] "guilty of a felony" punishable "by imprisonment for a period of not less than ten nor more than 30 years and a fine of not more than $100,000.00."[22]

In 2006, the legislature enacted the sex trafficking statute as a part of the Georgia Security and Immigration Compliance Act.[23] Beginning in 2015, the

---

[20] (Punctuation omitted.) *State v. Stillman*, 372 Ga. App. 330, 332 (904 SE2d 379) (2024).

[21] *Wilson v. State*, 279 Ga. App. 459, 461-462 (2) (631 SE2d 391) (2006).

[22] OCGA § 16-6-13 (b) (2) (2022). See also OCGA § 16-6-12 (2022).

[23] See Ga. L. 2006, p. 105, § 3/SB 529. This statute has been amended several times since then. See Ga. L. 2011, p. 217, § 1/HB 200; Ga. L. 2015, p. 693, § 2-2/HB 233; Ga. L. 2016, p. 377, § 1/HB 770; Ga. L. 2017, p. 489, § 1/HB 341; Ga. L. 2017,

9

legislature amended the sex trafficking statute on a yearly basis[24] until 2019, when the legislature passed the Anti-Human Trafficking Protective Response Act.[25] After the 2019 amendment, OCGA § 16-5-46 (c) (2022) stated that, inter alia, "[a] person commits the offense of trafficking an individual for sexual servitude when that person knowingly . . . [r]ecruits, entices, harbors, transports, provides, *solicits*, patronizes, or obtains by any means an individual for the purpose of sexual servitude . . . ."[26] The statute defined "sexual servitude" as "any sexually explicit conduct or performance involving sexually explicit conduct[27] for which anything of value is directly or indirectly given, promised to, or received by any individual, which conduct is induced

---

p. 774, § 16/HB 323; Ga. L. 2018, p. 628, § 1/HB 732; Ga. L. 2019, p. 74, § 1-5/SB 158; Ga. L. 2019, p. 81, § 2/HB 424; Ga. L. 2020, p. 29, § 1/SB 394; Ga. L. 2020, p. 240, § 1/HB 823; Ga. L. 2023, p. 637, § 3-3/HB 188, effective May 4, 2023.

[24] See Ga. L. 2015, p. 693, § 2-2/HB 233; Ga. L. 2016, p. 377, § 1/HB 770; Ga. L. 2017, p. 489, § 1/HB 341; Ga. L. 2017, p. 774, § 16/HB 323; Ga. L. 2018, p. 628, § 1/HB 732; Ga. L. 2019, p. 74, § 1-5/SB 158; Ga. L. 2019, p. 81, § 2/HB 424.

[25] See Ga. L. 2019, p. 74, § 1-1/SB 158.

[26] (Emphasis supplied.) OCGA § 16-5-46 (c) (2) (2022). But see OCGA § 16-5-46 (d) (2022).

[27] OCGA § 16-5-46 (a) (6) and (a) (7) (2022) define "performance" and "sexually explicit conduct" to mean the definition included in OCGA § 16-12-100 (a) (4) (2022), which includes sexual intercourse.

or obtained . . . [f]rom an individual who is under the age of 18 years."[28] As for penalties, the sex trafficking statute provided that

> [a]ny person who commits the offense of trafficking an individual for . . . sexual servitude against an individual who is under 18 years of age . . . shall be guilty of a felony, and upon conviction thereof, shall be punished by imprisonment for not less than 25 nor more than 50 years or life imprisonment and a fine not to exceed $100,000.00.[29]

Additionally in 2019, the Anti-Human Trafficking Protective Response Act amended OCGA § 16-6-9 to add a limitation that criminalized the act of prostitution only against individuals 18 years and older. More specifically, OCGA § 16-6-9 was amended to state that "[a] person, *18 years of age or older,* commits the offense of prostitution when he or she performs or offers or consents to perform a sexual act, including, but not limited to, sexual intercourse or sodomy, for money or other items

---

[28] OCGA § 16-5-46 (a) (8) (B) (2022). There are other ways to prove sexual servitude — if the defendant knows or believes that individual has a developmental disability, if the defendant coerces or deceives the individual, or if the defendant believes the individual is under 18 — but those elements are not alleged in this case. See OCGA § 16-5-46 (a) (8) (A), (a) (8) (C), (a) (8) (D), and (a) (8) (E) (2022).

[29] OCGA § 16-5-46 (f) (2) (2022).

of value."[30] The legislature did not utilize this Act to amend the offense of pandering, OCGA § 16-6-12, but it did repeal entirely the offense of pandering by compulsion — former OCGA § 16-6-14.[31]

This leaves us with pandering as criminalized in OCGA § 16-6-12 (2022), which states that "[a] person commits the offense of pandering when he or she solicits a person to perform an act of prostitution in his or her own behalf or in behalf of a third person or when he or she knowingly assembles persons at a fixed place for the purpose of being solicited by others to perform an act of prostitution." The first portion of this statute is the pertinent portion for our analysis — a person commits the offense of pandering when he solicits a person to perform an act of prostitution with him.[32] Combined with the heightened penalty for engaging in an act of pandering with

---

[30] (Emphasis supplied.)

[31] See Ga. L. 2019, p. 74, § 1-8/SB 158. Prior to being repealed, pandering by compulsion was committed "when he or she by duress or coercion causes a person to perform an act of prostitution . . . ." See OCGA § 16-6-14 (2018).

[32] See OCGA §§ 16-6-9, 16-6-12 (2022). See also *Kea v. State*, 344 Ga. App. 251, 254 (2) (a) (810 SE2d 152) (2018).

someone under 18 as found in OCGA § 16-6-13 (b) (2) (2022), it is clear that as of 2022, pandering a person under 18 was still a crime in this State.[33]

Based on the 2019 amendment to the prostitution statute adding language related to age, the trial court determined that Lofton could not have committed pandering because J. C. was under 18 during the encounter, and therefore, her conduct constituted sexual servitude, not prostitution. But based on the full text of the statutory schemes as stated above, we do not agree with this conclusion. We read the age limitation in OCGA § 16-6-9 (2022) as a decriminalization of prostitution for those under 18. But we do not read that decriminalization as a directive that the word prostitution cannot be used to describe engaging in a sex act in exchange for something of value if the individual receiving the value for engaging in a sex act is under 18.[34] Such a reading would render meaningless the sentence enhancements contained in OCGA § 16-6-13 (b) (2) (2022). Moreover, the history of amendments to the statutes mentioned shows that the legislature is aware of the issue of lenity when multiple statutes criminalize similar conduct, and it takes steps to avoid the issue when it

---

[33] See also *Stillman*, 372 Ga. App. at 333-334 (1).

[34] See, e.g., *Kea*, 344 Ga. App. at 254 (2) (a).

believes it is necessary.[35] The legislature did not take such steps prior to the incident giving rise to this case.

We now turn to the indictment at hand. This Court has explained that "[a]n act of prostitution is 'a sexual act, including but not limited to sexual intercourse or sodomy, (performed) for money or other items of value[.]' "[36] Therefore, pandering is soliciting a sex act in exchange for value. This definition overlaps with the pertinent statutory definition of sexual servitude.[37] And, as charged here, Lofton could have been indicted for pandering a person under 18 because he solicited J. C., who was 17 at the time, to engage in a sex act in exchange for money.[38] If the indictment continued to trial, the State would not have to prove any additional elements for sex trafficking

---

[35] See, e.g., Starr Crafton & Lillian K. Henry, CRIME AND OFFENSE: Sexual Offenses, 36 Ga. St. U.L. Rev. 63, 74 (2019) (explaining that the decision to repeal pandering by compulsion was based on the legislature's attempt to avoid a situation of lenity allowing for lower sentences for acts to which the legislature intended the human trafficking bill and its higher penalties to apply).

[36] *Kea*, 344 Ga. App. at 254 (2) (a), quoting OCGA § 16-6-9.

[37] See OCGA § 16-5-46 (a) (8) (B) (2022).

[38] See *Spencer v. State*, 376 Ga. App. 22, 24 (918 SE2d 66) (2025); *Stillman*, 372 Ga. App. at 333-334 (1).

beyond what it would have to prove for pandering a person under 18 years old.[39] Thus, the rule of lenity applies, and the indictment should have been dismissed.[40] Accordingly, the trial court erred by denying Lofton's motion to dismiss the indictment.

*Judgment reversed. Markle and Padgett, JJ., concur.*

---

[39] Compare *Stillman*, 372 Ga. App. at 333-334 (1).

[40] See *Towns*, 357 Ga. App. at 703. See also *Hanna*, 305 Ga. at 105 (2).